## The Galveston Gas Company v. The County of Galveston.

(Case No. 1258.)

1. Taxation — Cloud on Title — Payment under protest.— After the entire property of a private corporation had been listed by it for taxation, the county assessor, without authority of law, made a further assessment on the corporation for property that it did not own, and the land of the corporation was advertised by the collector for sale, to satisfy said illegal assessment; thereupon the corporation paid the illegal tax under protest. Five months after payment, a claim for the return of the money was presented to the commissioners' court, and in nine months more suit was brought against the county. Held —

1. That under sec. 13, art. VIII, of the constitution of 1876, and sec. 18 of the act of August, 1876, regulating the duties of tax collectors, a tax sale of the property of the corporation would have constituted a cloud on its title.

2. The taxes having been paid under protest to prevent the sale and consequent cloud on the title, the payment was so far compulsory as to allow of a recovery back, if sought with reasonable promptness.

3. Expressions of opinion in Red v. Johnson, 52 Tex., noticed and explained.

4. The necessity for action was sufficiently immediate and urgent to remove the payment made to the collector from the class of voluntary payments.

5. That an application for relief had been made to the county commissioners' court and refused, would not bar a recovery back of the taxes illegally paid under protest. The question was not one of valuation, but of an illegal collection of money, to relieve against which the county court or board of equalization had no jurisdiction.

Error from Galveston. Tried below before the Hon. Wm. H. Stewart.

*Ballinger & Mott,* for plaintiff in error.

I. The payment of an illegal tax under protest is such a compulsory payment as entitles the party who pays the same to recover back. Galveston County *v.* Gorham, 49 Tex., 279; Erskine *v.* Van Arsdale, 15 Wall., 76; Bur-

roughs on Taxation, 266, 443; Cooley on Taxation, 568; Baker *v.* Cincinnati, 11 Ohio St., 534.

II. The payment of an illegal tax under protest after property has been advertised for sale by the collector to satisfy same is compulsory, and the parties may recover back. Elliott *v.* Swartwout, 10 Pet., 150; Cooley on Taxation, 542; Boston, etc., Co. *v.* Boston, 4 Met., 189; Preston *v.* Boston, 12 Pick., 14.

III. An illegal tax which has been paid under compulsion can be recovered back from a county after the same has been paid into county treasury. Cooley on Taxation, 565–569; Burroughs on Taxation, 442, 343.

*Wm. M. Jerdone,* for defendant in error.

I. The payment of an illegal tax under a *mere protest* is not such a compulsory payment as would entitle the party making the payment to recover back the money so paid; such a payment is voluntary, and the mere protest furnishes no evidence that it was made under compulsion, or that the party making it was under duress of person or property. Dillon on Municipal Corporations, sec. 751, note 3, p. 860; Lee *v.* Templeton, 13 Gray, 476; Union Bank *v.* New York, 51 Barb., 159; Fleetwood *v.* City of New York, 2 Sandf., 475; Detroit *v.* Martin, 34 Mich., 170; Bucknall *v.* Story, 47 Cal., 579; 5 Cush., 115; 26 Md., 415; 25 Ind., 361; 5 Kan., 412.

II. Where a party pays an illegal demand with a full knowledge of all the facts which render such demand illegal, without an immediate, pressing and urgent necessity therefor, to prevent the immediate seizure of his goods, or arrest of his person, or unless to release his person or property from detention, such payment must be deemed voluntary and cannot be recovered back; and the fact that the party at the time of making the payment files a written protest does not make the payment involuntary. Ladd v. Southern Cotton Press Co., 53 Tex., 172; Dillon on Municipal Corporations, sec. 751, stating

the three conditions that must exist; note 3, and authorities there cited; Railroad Co. *v.* Commissioners, 98 U. S., 541; Lee *v.* Templeton, 13 Gray, 476; Awalt *v.* Building Ass'n, etc., 34 Md., 435; Mayor, etc., *v.* Lefferman, 4 Gill, 425, reviewing cases in 4 Met. and 12 Pick.; Benson *v.* Monroe, 7 Cush., 125; Brazil *v.* Kress, 55 Ind., 19; Fleetwood *v.* City of New York, 2 Sandf., 481; Detroit *v.* Martin, 34 Mich., 170.

III. The mere advertisement of sale of real estate, without any actual seizure of the same, or disturbance of possession of the owner, to satisfy an illegal and unwarranted tax, the assessment of which is wholly illegal and void, and without authority of law, which tax is not assessed against the property so advertised, so as to be even apparently a lien on the same, does not constitute legal compulsion; and a person paying the tax under such circumstances, and with a full knowledge of the same, will be held to have voluntarily paid said tax. Cooley on Taxation, pp. 542, 558, and cases cited; Dillon on Municipal Corporations, sec. 751, note 3, and cases cited; Detroit *v.* Martin, 34 Mich., 180; Fleetwood *v.* City of New York, 2 Sandf., 475; Bucknall *v.* Story, 47 Cal., 597; Bucknall *v.* Story, 36 Cal., 74; Awalt *v.* Building Ass'n, 34 Md., 435; Mayor, etc., *v.* Lefferman, 4 Gill, 425; De Baker *v.* Carillo, 52 Cal., 473; 25 Conn., 88; 11 Cush., 388; Stewart *v.* Palmer, 74 N. Y., 183; Mayor *v.* Townsend, Rep., vol. 8, p. 626; Wells *v.* Buffalo, Rep., vol. 9, p. 453; Shune *v.* City of St. Paul, Rep., vol. 10, p. 368, and cases cited; Railroad Co. *v.* Commissioners, 98 U. S., 541, reviewing the cases of Elliott *v.* Swartwout, and Erskine *v.* Van Arsdale.

GOULD, ASSOCIATE JUSTICE.— The Galveston Gas Company brought this suit to recover back from the county of Galveston the amount of certain taxes alleged to have been illegally assessed, and to have been paid under pro-

test by plaintiff, to avoid a sale of its real estate advertised by the collector, stating that the sale would have clouded the title and depreciated the value of the lots advertised. As detailed in plaintiff's pleadings the facts are: Early in the year 1876, the plaintiff's entire property was listed to the justices of the peace, and the assessment having been duly accepted, was entered on the tax-rolls of the collector of taxes for the county. Afterwards the assessor of the county, elected under the provisions of the present constitution, without any warrant or authority of law, and without any warrant in fact, made a further assessment upon plaintiff for property that it did not own. The collector of taxes advertised plaintiff's property for sale to satisfy such illegal assessment. In order to avoid sale under said advertisement and corresponding cloud upon title, plaintiff paid such illegal tax under protest, and caused written protest to be entered by the collector upon the receipt.

This payment was made July 12, 1877, and early in that month, before making the payment, plaintiff applied to the county commissioners' court for relief from said assessment, but relief was refused. In December, 1877, after the money had been paid into the county treasury, plaintiff presented its claim for the money to the commissioners' court, and the same was rejected. This suit was brought in Sepember, 1878. The court sustained a general demurrer to the petition.

This statement is made, as presenting somewhat more fully than has been done by counsel in their briefs, all the facts alleged in the petition. So in disposing of the case, we have not confined ourselves to the precise proposition submitted by counsel on either side.

The proposed sale, to avoid which the payment was made, was under the present constitution, and under the statute of 1876.

Sec. 13, art. VIII of the constitution reads: "Provision

shall be made by the first legislature for the speedy sale of a sufficient portion of all lands and other property for the taxes due thereon, and every year thereafter, for the sale of all lands and other property upon which the taxes have not been paid, and the deed of conveyance to the purchaser for all lands and other property thus sold shall be held to vest a good and perfect title in the purchaser thereof, subject to be impeached only for actual fraud; *provided*, that the former owner shall within two years from date of purchaser's deed, have the right to redeem the land upon payment of double the amount of money paid for the land.

Sec. 18 of the act of August, 1876, "regulating the duties of tax collectors," etc., provides: "The collector of taxes shall execute and deliver to the purchaser, upon the payment of the amount for which the estate was sold, and costs and penalties, a deed for the real estate sold, which deed shall vest a good and absolute fee in said land to the purchaser, if not redeemed in two years as herein provided," etc.

That a sale and deed under these provisions would constitute a cloud on the title, and would depreciate the value of the property, hardly admits of question.   There are, it is true, authorities which deny that a sale for taxes assessed under a statute which is unconstitutional and void, or for taxes assessed without any semblance of legality, can constitute a cloud on title.   Detroit *v.* Martin, 34 Mich., 170; Cooley on Taxation, p. 542, and cases cited in note.   But, after stating this to be the rule, where "any person inspecting the record and comparing it with the law, is at once apprised of the illegality of the tax," Mr. Cooley proceeds to say that, "when the deed given on the sale of the lands for the tax, would, by statute, be presumptive evidence of a good title in the purchaser, so that the purchaser might rely upon that for a recovery of the lands, until the illegalities were shown,

the courts of equity regard the case as coming within their ordinary jurisdiction, and have extended relief on the ground that a cloud on the title existed, or was imminent." P. 543. We think that the title of plaintiff would have been clouded had he not stopped the sale by paying the taxes or otherwise, or had he not within the time allowed redeemed the land by paying double the amount paid therefor by the purchaser. There is an expression in the opinion in the case of Red v. Johnson, 53 Tex., 284, which seems to intimate a different view of the law. But the decision itself did not turn upon that question, and our attention was not called to the sections of the constitution and statute just cited.

We are further of opinion, that the taxes having been paid under protest to prevent the sale and consequent cloud on the title, the payment was so far compulsory as to allow of a recovery back, if sought with reasonable promptness.

The rule heretofore enforced in this court in regard to the recovery back of taxes illegally exacted, is perhaps more liberal than that sanctioned by the current of authority generally. City of Marshall v. Snediker, 25 Tex., 471; Baker v. Panola County, 30 Tex., 86; Galveston County v. Gorham, 49 Tex., 301 et seq.

These cases recognize that a payment may be compulsory, although not made to relieve the person or goods from seizure or detention, actual or threatened, if made under circumstances creating a moral pressure of "equal influence in perverting the free will." Galveston County v. Gorham, 49 Tex., supra. Where made to avoid the danger of a heavy penalty, which, however, could only have been enforced by a criminal prosecution, in which the party would have had his opportunity to set up the illegality of the tax as a defense, the recovery back was allowed. 25 Tex. and 30 Tex., supra. On the same principle, we think that the plaintiff here was not com-

pelled to risk the heavy loss which might have resulted from the sale, although his possession could only have been disturbed by a suit, in which he would have had his day in court. The moral pressure was sufficiently great, the necessity sufficiently immediate and urgent, to remove the payment, made under protest, from the class of voluntary payments.

The reply that the plaintiff might have had its action to remove the cloud is unsatisfactory, for, in the meantime, it would be damaged by being disabled from realizing the value of its property.

It appears, if the averments of the petition be true, that the plaintiff persistently resisted and sought relief against an illegal assessment, and only paid it under protest, when to delay longer was apparently to incur the risk of serious loss. Within five months after payment, its claim to secure back was presented to the commissioners' court, and in nine months more this suit was instituted. Under the circumstances stated, we think it unconscientious in the county to retain the amount illegally exacted, and that the demurrer to the petition was improperly sustained.

Appellee claims that the petition shows that the plaintiff applied for relief to the county commissioners' court of Galveston county, and that by law the decision of that tribunal was final. Under the law then in force the decision of that court, sitting as a board of equalization, on a question of valuation properly referred to it, was final. I. & G. N. R. R. v. Smith County, Tyler Term, 1880. As stated in the petition, the question here was not one of valuation, nor does it appear that the county court or board of equalization had jurisdiction to grant relief in the case.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered February 12, 1881.]