JOSE CASSIANO, COLLECTOR, v. URSULINE ACADEMY.

(Case No. 1824.)

1. ARTICLE 12, SECTION 2, CONSTITUTION 1876 — CONSTRUCTION — SCHOOL PROP-
   ERTY.— The owner of land and buildings used for private school purposes
   applied for an injunction to prevent them from being sold for taxes, claim-
   ing that under the constitution of 1876 the property was exempt from tax-
   ation. *Held:*

   (1) That the constitution of 1876 exempts a *building* used exclusively for
   school purposes; the word *building* is as broad as the term *house*, and house
   has been construed to mean both the structure and the land on which it
   stands. Trinity Church *v.* Boston, 118 Mass., 164. Those who codified our
   laws, and the legislature that adopted the Revised Statutes, construed the
   word building to embrace the land used in connection with it.

   (2) That it has been the policy of the state to encourage educational enter-
   prises by exempting them from the burdens of government, and there is
   nothing to warrant the inference that the framers of the constitution, in the
   use of the word *building*, intended to discriminate against private schools.

   (3) That ground used for the recreation of the students and to supply the
   school table with vegetables was necessary and used for the proper and
   economical conduct of the school, and, as such, was exempt. Following
   Pierce *v.* Cambridge, 2 Cush., 611; Mass. Gen. Hospital *v.* Somerville, 101
   Mass., 319.

2. TAX DEED — CLOUD ON TITLE — EQUITY.— A collector's deed to property sub-
   ject to taxation and sold in accordance with law vests a good and perfect
   title, which can only be impeached for actual fraud. Such a deed would,
   therefore, constitute a cloud upon the title of land.regularly sold, but not
   liable for the tax, to prevent or remove which equity may be invoked.

APPEAL from Bexar. Tried below before the Hon. G. H. Noonan.

On the 6th day of May, 1884, appellee filed a bill in the district
court of Bexar county praying an injunction against appellant as
collector of taxes, restraining him from selling a certain tract of
land situated in the city· of San Antonio, upon which had been
erected certain improvements, which together with the improvements
appellee claims to be exempt from taxation under the constitution
and laws of the state, as "used and owned exclusively for school
purposes." An interlocutory injunction was granted by the district
judge in accordance with the prayer of the bill upon the same day.

Upon the 2d day of February, 1885, appellant filed his first
amended answer, in which he demurred to the bill for want of
equity; denied generally the allegations of plaintiff's petition;
averred specially that the land, etc., was subject to taxation, and
further averred that the appellee was carrying on a school for profit
upon the said land in which large numbers of pupils were received,
taught and boarded, and in which a number of teachers were fed

and boarded and had their home; that the teachers so employed were members of the Ursuline Order of Nuns and lived upon the premises as a family, etc.; that the profits arising from the conduct of the school was subject to the control of said Ursuline Nuns or the heads of their order. And finally, that the appellee had paid and offered to pay no part of the taxes assessed upon the entire property.

Upon the 9th day of March, 1885, the case was submitted to the court upon the law and the facts, which thereupon rendered a judg-ment for the appellee, with a decree perpetuating the injunction.

*Jno. A. & N. O. Green*, for appellant, cited: Constitution, art. 8, sec. 2; R. S., art. 4673, par. 1; 1 Desty on Taxation, p. 120 (citing Mullen *v.* Com'rs, 85 Pa. St., 288); id., pp. 107, 108, 112; Burroughs on Taxation, pp. 133, 134; Red *v.* Johnson, 53 Tex., 284; St. Mary's College *v.* Crowl, 10 Kan., 451; Cooley on Taxation, pp. 537, 538; Harrison *v.* Vines, 46 Tex., 22, 23; R. G. R. R. Co. *v.* Scanlan, 44 Tex., 651; Blanc *v.* Meyer, 59 Tex., 92.

*Wm. Aubrey*, for appellee, on the illegality of the tax, etc., cited: Pierce *v.* Cambridge, 2 Cush., 611; Wesleyan Academy *v.* Wilbra-ham, 99 Mass., 599; Mass. Gen. Hos. *v.* Somerville, 101 Mass., 819; Griswold College *v.* S., 26 Am., 138 (46 Ia.); Ward *v.* Manchester, 22 Am., 504 (56 N. H.); State *v.* Ross, 4 Zabr., 497; Gerke *v.* Pur-cell, 25 Ohio St., 229; Burroughs on Taxation, sec. 71; Cleveland Library Association *v.* Pelton, 36 Ohio St., 253; Donohugh's Ap-peal, 86 Pa. St., 306; Hilliard's Law of Taxation, sec. 35; People *ex rel.* Academy of the Sacred Heart *v.* Commissioners of Taxes and Assessments of New York City, 6 Hunt (N. Y.), 109; Monti-cello Academy *v.* People, 106 Ill., 398; S. C., 46 Am., 703; Desty, Taxation, 116–7; Trinity Church *v.* Boston, 118 Mass., 164; Henne-pin Co. *v.* Grace, 27 Minn., 503; Phillips, Mech. Liens, secs. 199, 200; Const. 1845, art. VII, sec. 27; Act of December 12, 1849 (1 P. D., 5147); Const. of 1866, art. VII, sec. 27; Act of November 10, 1866 (2 P. D., 7485); Const. of 1869, art. XII, sec. 19; Act of May 12, 1871 (2 P. D., 7688); Const. of 1876, art. VIII, sec. 2; R. S., art. 4673; Briscoe *v.* Bronaugh, 1 Tex., 326; Long *v.* Steiger, 8 Tex., 460; Carter *v.* Carter, 5 Tex., 102; Gamage *v.* Trawick, 19 Tex., 58.

On the right to the equitable remedy of injunction, he cited: George *v.* Dean, 47 Tex., 73; Galveston Gas Co. *v.* Galveston, 54 Tex., 292; Lee *v.* Thomas, 49 Mo., 112; id., 190; id., 419; 47 Mo., 393; 2 Dil. Mun. Corp., 738; High on Injunctions, 368.

. ROBERTSON, ASSOCIATE JUSTICE.— The word *building* is a term as broad as the word house.    House has been construed to mean both the structure and the land on which it stands.    Gerke *v.* Purcell, 25 Ohio St., 227; Mullen *v.* Comm'rs, 85 Pa. St., 288; Trinity Church *v.* Boston, 118 Mass., 164, and cases cited in it.    And when a mechanic has been given a lien upon the building he constructs, his lien has been extended by construction to enough of the land occupied by the building to support it and to furnish the room for its convenient enjoyment.    Phillips on Mech. Liens, secs. 199, 200.

Whether the *building* used exclusively for school purposes, which is exempted by the constitution from taxation, embraces the land necessary for that use depends upon construction.    Art. 12, sec. 2, Const. 1876.

Article 4673 of the Revised Statutes in terms extends the exemption to the land as well as the building.    Unless the land is embraced in the term *building*, this legislative expansion of the exemption is void.    The distinguished gentlemen who codified our laws, and the legislature which adopted our Revised Statutes, have construed the word *building* to embrace the land used in connection with it.

It has been the policy of the state since 1849 to encourage educational enterprises by exempting them from any share of the burdens of government.    Pasch. Dig., arts. 5147, 5148, 7485, 7688.    The constitution of 1876, so far from modifying this policy, makes munificent provision for the maintenance of free schools.    There has been no antagonism between the public and private schools, to warrant the inference that the framers of the constitution, in the use of the word *building*, intended a spiteful discrimination against private schools.

The education of the masses is now recognized as a function of state government.    Those who, from charitable considerations, to forward sectarian views, or for private profit, have organized or conducted schools, have assisted the state in the performance of a duty it owes to its citizens, which cannot be too thoroughly performed, and which the state has never assumed that it had either the means or the machinery of doing sufficiently well without private assistance.    The Ursuline Academy is performing its part in this branch of the public service, and it should rather be encouraged by aids, than impaired in its usefulness by a tax upon its pitiful revenues.

Churches and school-houses are generally the most massive and splendid architectural ornaments in highly civilized communities. They are not usually constructed upon wheels or portable, to be pulled or packed from one tract of land to another as rapidly as

the ownership of the foundation is changed by a tax sale. To exempt the building and not the land to which it is irremovably fixed is a mockery that would appear ridiculous in so solemn an instrument as a constitution. We conclude that the word *building*, as used in the constitution, has its broader signification, consonant with the purpose of the exemption and the settled policy of the state.

All the buildings and all the land sought to be sold by appellant were necessary and used for the proper and economical conduct of the school. Every person who occupied any portion of the premises was exclusively engaged in some department in the service of the school. The grounds were used for the recreation of the pupils, and to supply the school table with vegetables. Authority is not wanting to extend the exemption to land much less directly employed to forward the interests of the school. Trustees *v.* Wilbraham, 99 Mass., 599; State *v.* Ross, 4 Zabr. (N. J.), 497; Mass. Gen. Hos. *v.* Somerville, 101 Mass., 319; Pierce *v.* Cambridge, 2 Cush., 611. In Red *v.* Johnson, 53 Tex., 284, a school was carried on in the private residence of the teacher's husband; it was not exclusively used for school purposes.

It is not certain that the buildings and grounds described in the record under the agreed facts are not exempt as "An institution of purely public charity." Cleveland Library Asso'n *v.* Pelton, 36 Ohio St., 253; Donohugh's Appeal, 86 Pa. St., 306; Hennepin *v.* Grace, 27 Minn., 503; Gerke *v.* Purcell, 25 Ohio St., 229.

If the property had been sold in accordance with law, the collector's deed, if the property had been subject to taxation, which would depend upon facts not disclosed by the county registry, would "vest a good and perfect title in the purchaser thereof, subject to be impeached only for actual fraud." Sec. 13, art. 8, of Const. of 1876. Such deed would therefore constitute a cloud upon the title to land regularly sold, but not liable for the tax imposed, to prevent or remove which the jurisdiction of a court of equity may be invoked. G. G. Co. *v.* Gal. Co., 54 Tex., 290; Cooley on Taxation, pp. 542 and 543.

There is no error in the judgment of the court below, and it is accordingly affirmed.

AFFIRMED.

[Opinion delivered December 8, 1885.]