W. S. RED ET AL. V. A. R. MORRIS.

No. 2647.

1. **School Property Exempt from Taxation.**— By statute all buildings used exclusively and owned by persons or associations of persons for school purposes shall not be subject to taxation. Property is used for such purposes when the owners use it solely for the purpose of keeping a school upon it and receive no direct profit from it. Where therefore premises are owned by four persons, three of whom occupy the place and use it for keeping a school upon it, the other joint owner taking no profit, the premises—being buildings and lots in the city of Austin—are not subject to taxation.

2. **Res Adjudicata.**—That the parents of the plaintiffs made an ineffectual attempt to relieve the property from taxation for a former year does not estop the plaintiffs from claiming exemption from taxation of the same property under different circumstances.

3. **Case Approved.**—Cassiano v. Ursuline Academy, 64 Texas, 674.

APPEAL from Travis. Tried below before Hon. John C. Townes. The opinion states the case.

*Z. T. Fulmore* and *J. B. Davies*, for appellants.—1. The property described in appellants' petition being exempt under the Constitution and laws of Texas, it was error to refuse perpetual injunction restraining the collection of taxes thereon. Const. 1876, art. 8, sec. 2; Rev. Stats., art. 4673; Cassiano v. Ursuline Academy, 64 Texas, 673, and authorities there cited on equitable remedy of injunction.

2. The Constitution and laws of Texas exempt from taxation "all buildings used exclusively and owned by persons or associations of persons for school purposes," and this exemption has for its object to encourage, foster, and aid institutions of learning, both private as well as public, by relieving them of the burden of government. Same authorities as above, and Trustees v. Welbraham, 99 Mass., 599; State v. Ross, 4 Zab. (N. J.), 497; Mas. Gen. Hos. v. Somerville, 101 Mass., 319; Pierce v. Cambridge, 2 Cush., 611; Burr. on Tax., sec. 71; Hill. Law of Tax., sec. 35; Cleveland Lib. Assn. v. Pelton, 36 Ohio St., 253; People *ex rel.* Academy, etc., v. Commissioners, etc., 6 Hun (N. Y.), 109; same case, 46 Am. Rep., 703; Desty on Tax., 116–17.

GAINES, ASSOCIATE JUSTICE.—This suit was brought by appellants against the appellee as tax collector of Travis County to enjoin him from making a sale of certain property described in the petition for the taxes assessed thereon for the year 1887. A preliminary injunction was granted, but upon final hearing a decree was rendered dissolving it, and from that decree this appeal is prosecuted.

The ground upon which the tax was sought to be avoided was that the property was used exclusively and owned by the plaintiffs for school pur-

poses, and that it was therefore exempt from taxation under our Constitution and laws.

The property consists of certain lots in the city of Austin upon which is situated a large two story building, constructed of stone and brick, with a basement. There are certain outhouses and improvements upon the lots, all of which are appropriate to the uses of the main building. The building was erected in 1876 for a seminary of learning for young ladies. It has ever since been used for that purpose. The school seems to have been maintained at one time by the father and mother of the present plaintiffs. The father and mother died before the year 1887 and plaintiffs inherited the property from them. Since the death of their parents three of the plaintiffs have maintained the institution as a boarding and day school for girls and young ladies, serving respectively in the capacities of principal, matron, and teacher in the school. They live in the building during term time, their residence there at such time being necessary to the proper conduct of the business. During the vacation the principal and matron lived upon the premises, their presence being then essential to protect the property, to make needful repairs, and to conduct the correspondence with the patrons of the school. The fourth plaintiff does not live upon the property and receives no rent or profit for the use of it.

In Red v. Johnson, 53 Texas, 284, this same property, in the hands of the father and mother of the present plaintiffs, was held not exempt from taxation. It then appeared that the plaintiffs in that suit had a family and that the building was used not only for the purpose of a school but as the residence of the family. The property was held not to to be used exclusively for school purposes. The judgment in that case was pleaded by defendant as *res adjudicata* to the petition in this. We think, however, that the plea was no answer to the petition in the case before us. That suit was to enjoin a tax for a different year and the judgment did not affect the right to bring the present suit. Property not exempt one year may become exempt another year by reason of a different manner of using it.

The court below found that the "premises, buildings, lands, and improvements" were "used for school purposes;" but the findings do not show whether they were so exclusively used or not. We think the evidence warranted a finding of the affirmative of the latter issue. The plaintiffs who lived upon the property were each of them of full age and unmarried, and it appears from the testimony that they did not occupy the property as a residence, and that their living there was merely an incident of the uses to which the property was devoted. In this respect the case would seem not to differ materially from that of Cassiano v. Ursuline Academy, 64 Texas, 674. There the school was conducted by the Ursuline Order of Nuns and the teachers (presumably of that order)

lived upon the property and made it their home. In the opinion the court say: "Every person who occupied any portion of the premises was exclusively engaged in some department in the service of the school." The remark is equally applicable to the present case.

The court below determined, however, as a matter of law, that in order to exempt the property from taxation by reason of its use for school purposes it must also be owned for such purposes. The Constitution does not make the exemption, but authorizes the Legislature to make exemptions in certain cases. Const., sec. 8, art. 2. The Revised Statutes (article 4673, section 2), following the language of the Constitution in this particular, provides that "all buildings used exclusively and owned by persons or associations of persons for school purposes" shall not be subject to taxation. The meaning of the words "owned by persons or associations of persons" is not quite clear. We think, however, that if it had been the intention of the Legislature to exempt only such property as had been dedicated to the use of schools, although exclusively used for that purpose, words would have been employed which would have conveyed more distinctly the idea intended. When by the use of apt words a definite meaning could have been clearly conveyed and more general terms are employed which are of doubtful construction, it is to be presumed that such meaning was not intended.

The words quoted were evidently used for a purpose, and they must be given a meaning. They must be construed to impose a limitation upon the exemption in addition to that imposed by the previous words in the same clause. But when we consider that without the use of these terms the owner of property might lease it for profit to another to be used for school purposes and thereby exempt it from taxation, we think the purpose of their employment becomes apparent. Property belonging to charitable associations and leased for profit is held not exempt, although the income may be devoted to the purposes of the association. Morris v. R. A. Masons, 68 Texas, 698. We think in pursuance of the same policy the Legislature meant by the employment of the terms under consideration to prevent the owners of property from taking advantage of the exemption where they leased the property to others for profit to be used by the latter for the maintenance of schools. Here the persons who own the property use it themselves and devote it exclusively to school purposes. Property is owned for such purposes when the owners use it solely for the purpose of keeping a school upon it and receive no direct profit from it.

We conclude that the plaintiffs showed that their property belonged to the class defined in the exempting clause under consideration, and therefore the judgment should have been in their favor.

There being no controversy as to the facts the judgment below will

be reversed and here rendered for appellants, perpetuating their injunction as prayed for, and for all costs both in this court and the court below.

*Reversed and rendered.*

Opinion January 29, 1889.