SAN ANTONIO STREET RAILWAY COMPANY v. CITY OF SAN ANTONIO.

Decided December 20, 1899.

**Taxation by City—Franchise of Corporation—Board of Equalization.**

A corporation having rendered its property for taxation to the city assessor, and the rendition having been accepted by him, the city board of revision and equalization has not the power to add an additional item taxing its franchise, where the city charter makes it the duty of the assessor to list any property not rendered for taxation, and confines the duty of such board to the matter of raising or lowering the assessments, as it may deem just.

APPEAL from Bexar.   Tried below before Hon. R. B. GREEN.

*Houston Bros.,* for appellant.

FLY, ASSOCIATE JUSTICE.—Appellant sought to enjoin the collection of certain taxes levied by the appellee.   The general and special exceptions of appellee to the petition were sustained by the court.   It was alleged in the petition:

"That in obedience to the charter requirements of the city of San Antonio, and in obedience to the ordinances and laws of said city, this plaintiff appeared before the assessor of taxes of said city during the year 1897, at the time fixed by said ordinance and laws for such purposes, and rendered faithfully and fairly all of its property for taxation; said property being rendered and valued in the sum of $124,765 for the fiscal year ending May 31, 1898.   That said assessment, rendition, and valuation was duly accepted by the said city assessor, and was so entered on the books of assessment of said city of San Antonio, and thereafter, to wit, on November 18, 1897, the board of equalization, consisting of a special committee of the city council of the city of San Antonio, thereunto specially empowered and authorized by the laws of said city, being for the purpose of hearing and determining the correctness of assessments and all valuations, considered the assessment so made and rendered by this plaintiff, and finding the same correct, both as to all property so rendered for taxation, as well as the valuations placed thereon, in all things approved said assessment.   That the plaintiff, by its president, appeared before said board of equalization on said 18th day of November, 1897, and was duly heard and interrogated as to the correctness of its inventory of property and as to the correctness of its valuation placed thereon, and that said approval by said board of equalization was, after a full, fair, and equitable hearing.

"That subsequently, to wit, on December 3, 1897, the assessment so rendered by this plaintiff appears on the books of the city to have been approved by the board of revision and equalization, but plaintiff is not informed as to the circumstances or reasons moving the said board of equalization to its said second entry of its approval of said assessment and appraisement.

"That thereafter, on January 18, 1898, this plaintiff, by its president,

was again cited to appear before the board of equalization on the 24th day of that month, to show cause why its assessment should not be raised for the fiscal year ending May 31, 1898, called by said city the year 1897. At said date the hearing was postponed until the 31st of January, at which time this defendant appeared by its president before said board of equalization, and it was then informed that the said board of equalization, acting for said city of San Antonio, had determined to render and assess for taxation against this plaintiff, its 'franchises.' That at said hearing, on the 31st day of January, 1898, said board of equalization and the said city of San Antonio added to the assessment theretofore rendered by it assessed by said city of San Antonio an item styled by the said city of San Antonio 'franchise,' and appraised said item or franchise at the sum of $250,000. That this plaintiff protested against said addition to its taxable property and refused to render said item as property belonging to this company subject to an ad valorem tax by said municipality, and protested and objected to the valuation placed upon said item by said city, because said valuation was unreasonable, exorbitant, and calculated to destroy the plaintiff's estate by reason of the considerable burden there attempted to be placed upon the plaintiff in addition to its reasonable and proper tax."

In section 193 of the charter of the city of San Antonio it is provided: "It shall be the duty of the assessor to assess and return, within the time fixed by the board, all property subject to taxation, and to make out a list of such property and of persons chargeable with a poll tax, describing as near as possible the quantity, streets, and bounds of real estate, and the value of the grounds and that of the improvements separately, and to make out a list of all personal property, and return the same assessed; and all property not returned to the assessor according to the provisions of this act, he shall proceed to assess in the name of the owner, if he be known, and if not, then it shall be assessed by description of the property and last known owner." By this section of the charter the assessor is clearly authorized to add to the list of anyone property that may not have been listed by the owner, and had it been alleged that the assessor had added property to the list returned by appellant, such assessment would appear valid; and the collection of the tax could not be evaded on that ground. The assessor has the power to add property to the owner's list by reason alone of the authority explicitly granted by law. Cool. on Tax., 356, 357.

It is alleged in the petition, however, that the "assessment, rendition, and valuation" made by appellant was "duly accepted" by the city assessor, and was so entered on his books, and was approved by the board of equalization. Afterwards, it is alleged, the board of equalization, not the assessor, added to the list returned by the assessor what is denominated the "franchises" of appellant, and assessed such property at $250,-000.

By this pleading is directly presented the authority of the board of equalization to add property to the list prepared and returned by the as-

sessor. It is provided in section 194 of the charter of San Antonio that: "The city council, or at least the mayor and three aldermen, shall sit as a board of appeal and revision, to whom shall be submitted, by the assessor, the tax list, and before whom persons feeling aggrieved may appeal in writing, stating his or her grievance. Said board shall hear and determine all such appeals in a summary manner, correct errors, appraise all property assessed as unknown, and increase or diminish any assessment as they may deem just; provided, that no assessment shall be increased unles the owner of such property has been notified to appear before such board and given an opportunity to make his objections to such increase, a copy of which notice shall, with the officer's return thereon, be filed with the city clerk." No other authority than that above quoted, except to correct amounts in the final list made by the assessor, is conferred by the charter, and unless the authority to add other property to the list returned by the assessor is found therein, no such authority exists. Such boards are merely creatures of the law and have no powers except those specially granted by the law. Cool. on Tax., 418. Unless the authority to add to the list of property is given by the words "increase or diminish any assessment," it is not given in the section quoted. We think it clear that no such authority is conferred by the language quoted. "An assessment is an official estimate of the sums which are to constitute the basis of an apportionment of a tax between the individual subjects of taxation within the district." Cool. on Tax., 351. The word "assessment" as used in the section of the charter in question evidently refers to the value placed on the property, and not the list. County boards of equalization are given the power to raise and lower the value of property, to correct errors in assessments, and raising the value is in the same section termed raising the assessment. Rev. Stats., art. 5120.

It has been held by the Supreme Court that county boards of equalization have no authority to add to or take away property from the list returned by the assessor, but could only act on matters of valuation. Gas Co. v. Galveston County, 54 Texas, 287; same case, 72 Texas, 509; Davis v. Burnett, 77 Texas, 3.

In passing upon the section of the charter which defines the duties and powers of the board of revision or equalization in the case of Hoefling v. San Antonio, 38 Southwestern Reporter, 1127, it was said: "None but revisory authority is given to the board, unless it may be in regard to the property of unknown owners. * * * We conclude, therefore, that it was the duty of the assessor to value the property, and that the power of the board consisted in increasing or diminishing such valuation." The cause of Moody v. Galveston, 21 Texas Civil Appeals, 16, is cited as authority by appellee to sustain the proposition that the board of revision and appeals had authority to add property to the list accepted by the assessor. It does not sustain the proposition.

Neither does section 5, article 8, of the State Constitution, confer any authority upon the board to add property to the list approved by the assessor, and in section 11 of the same article it is provided: "And all

lands and other property not rendered for taxation by the owner thereof shall be assessed at its fair value by the proper officer." The "proper officer" is the one authorized by law to make the assessment, and under the charter of the city of San Antonio, the only "proper officer" is the city assessor.

The board of revision having no authority to add other property to the list returned by the assessor, the petition on that point sets up a good cause of action, and it was error to sustain the exception to it.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*