CITY OF SEGUIN v. BERMAN.  (No. 6074.)

(Court of Civil Appeals of Texas.  San Antonio. Oct. 16, 1918.)

1. PLEADING ⊕⟳34(3)—CONSTRUCTION—GENERAL DEMURRER.

Every reasonable intendment must be indulged in favor of a pleading, when assailed through a general demurrer.

2. PLEADING ⊕⟳205(1)—COMPLAINT—GENERAL DEMURRER.

A complaint for recovery of an occupation tax paid under duress set out, and *held* sufficient as against a general demurrer, though it may have been subject to special exception.

3. LICENSES ⊕⟳34—RECOVERY OF TAX PAID—DURESS.

Where a foreigner, dealing in merchandise, but not selling cannon crackers or toy pistols, as described in Rev. St. 1911, art. 7356, paid a city an illegal occupation tax under threats of prosecution, fines, and imprisonment, his action for recovery thereof was not subject to defense of voluntary payment.

Error from Guadalupe County Court; J. B. Williams, Judge.

Suit by Sam Berman against the City of Seguin.  Judgment for plaintiff, and defendant brings error.  Affirmed.

P. E. Campbell, of Seguin, for plaintiff in error.  Dibrell & Mosheim, of Seguin, for defendant in error.

FLY, C. J.  Defendant in error, who will be called plaintiff herein, sued the city of Seguin, herein called defendant, to recover $300, alleged to have been paid, as oc-cupation taxes, under duress.  The cause was tried by jury, resulting in a verdict and judgment for plaintiff in the sum of $200.

It is not claimed by defendant that the taxes were lawfully imposed or lawfully collected, the only issue being as to whether the taxes were voluntarily paid, without any force or fraud being used to collect them.  It was alleged that the taxes were paid in 1913, 1914, and 1915, each time a payment of $100 being made.  The allegations are as follows:

"That notwithstanding the fact that plaintiff was never a dealer in selling cannon crackers or toy pistols or firecrackers or other combustible packages, as described in article 7356 of the Revised Statutes of the state of Texas, the city of Seguin fraudulently and oppressively demanded of plaintiff, and forced him against his will and protest to pay, a tax or an occupation tax for the privilege of selling any sort of fireworks within the corporate limits of the city of Seguin, and by force and compulsion, and by threats of prosecution and incarceration of plaintiff in the county jail, and by threatening to subject plaintiff's property to the payment of said unlawful tax, the officers of said city, under the authority and power given them to collect said tax of plaintiff, plaintiff, under duress and impelled by threats of prosecution and confiscation of his property by defendant and its agents, did on the 28th day of November, 1913, pay to defendant, city of Seguin, $100 in cash, and on December 2, 1914, the sum of $100 in cash, and on November 30, 1915, the sum of $100 in cash, as an occupation tax for the privilege of selling fireworks, and that plaintiff, under the circumstances and at the various times set out, paid to the city of Seguin, for the purpose aforesaid, the aggregate sum of $300, and which sum of money was illegally and fraudulently demanded of him, and was paid by him under protest and on account of fearing imprisonment and the taking of his property by and on the part of the defendant. * * * That plaintiff was upon a great inequality with the defendant by reason of the fact that he was an unlearned man and was not accustomed to having city officers threatening to place him in jail and to take his property upon his failure to pay an illegal occupation tax that had been authorized by defendant; and plaintiff says that defendant by virtue of certain city ordinance had empowered its tax collector and city marshal with authority to take plaintiff's property and to arrest plaintiff and place him in jail upon his refusing to pay said occupation tax, which was not authorized by the laws of this state, and which was illegal and contrary to the statutes of this state."

[1, 2] The allegations are attacked through the first assignment as being insufficient to state a cause of action.  While the pleading may have been subject to a special exception, it cannot be successfully attacked through a general demurrer.  Every reasonable intendment must be indulged in favor of a pleading, when assailed through a general demurrer, and the application of that rule protects the petition in this case.  The first assignment of error is overruled.

[3] However diversified decisions may be as to the character of threats of prosecution or imprisonment which will cause payments to be involuntary, the few opinions on the subject in Texas seem inclined to the holding

---

⊕⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

that illegal taxes paid under moral pressure may under certain circumstances cause such payments to be involuntary and subject to be recovered. City of Marshall v. Snediker, 25 Tex. 471, 78 Am. Dec. 534; Baker v. Panola County, 30 Tex. 86; Gas. Co. v. Galveston County, 54 Tex. 292; City Co. v. City of Galveston, 56 Tex. 486. In some of the cases cited it seems to be concluded that even a mere protest against the payment of taxes might form the basis of a recovery of them, for instance in the three cases first cited. Referring to them, it is said in Gas. Co. v. Galveston, herein cited:

"These cases recognize that a payment may be compulsory, although not made to relieve the person or goods from seizure or detention, actual or threatened, if made under circumstances creating a moral pressure of 'equal influence in perverting the free will.' Galveston County v. Gorham [49 Tex. 279], supra. Where made to avoid the danger of a heavy penalty, which, however, could only have been enforced by a criminal prosecution, in which the party would have had his opportunity to set up the illegality of the tax as a defense, the recovery back was allowed. [City of Marshall v. Snediker] 25 Tex. 471, 78 Am. Dec. 534, and [Baker v. Panola County] 30 Tex. 86, supra. On the same principle, we think that the plaintiff here was not compelled to risk the heavy loss which might have resulted from the sale, although his possession could only have been disturbed by a suit in which he would have had his day in court. The moral pressure was sufficiently * * * immediate and urgent, to remove the payment, made under protest, from the class of voluntary payments."

That was said in a case to recover illegal taxes paid under compulsion arising from the seizure and advertising of the property of the plaintiff for sale. There was a threat to arrest. The decision in that case has never been questioned, but has been cited several times with approval. City Co. v. Galveston, 56 Tex. 486; Cassiano v. Ursuline Academy, 64 Tex. 673. In the case of Houston v. Feeser, 76 Tex. 365, 13 S. W. 266, it was held that the question of voluntary payment was one of fact, and that the facts in that case showed voluntary payment of the taxes and consequently a recovery could not be sustained. The law as laid down in Gas Co. v. Galveston was not questioned; in fact, the turning point in the case with the Supreme Court seemed to be that Feeser, a butcher, admitted that he had made his customers pay the tax by an increase on the price of meat, and if he recovered the taxes paid under compulsion it would be a double recovery.

The facts in this case show that the plaintiff was a foreigner, who came from Russia, perhaps in 1907 or 1908, and was engaged in selling fruits, vegetables, groceries, and fireworks, such as Roman candles, skyrockets, and sparklers. He had about $125 invested in fireworks. The mayor of Seguin called on the plaintiff in November, 1913, and demanded the sum of $100 for a license to sell fireworks, and plaintiff was told by the mayor that if he did not pay the license money he would be put in jail. An alderman told him the same thing. Plaintiff under fear of imprisonment paid the tax. Again in 1914 and 1915 the mayor and city marshal told plaintiff that he would be arrested if he did not pay the occupation tax, and that then the tax would be doubled. The marshal told him every sale would be a separate offense, and that he would arrest him every time he made a sale, and make him pay the sum of $200. Plaintiff consulted an attorney as to the tax, and was advised to pay it, or that he would be indicted and found guilty. The tax was illegal and invalid. The evidence justified the verdict of the jury for $200. The court sustained a plea of limitation as to the payment made in 1913.

There is no merit in any of the assignments of error, and the judgment is affirmed.