

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

April 1, 1960

Mr. Weldon Holcomb
Criminal District Attorney
Tyler, Texas

Opinion No. WW- 823

Re: Exemption from ad
valorem taxation of
properties of Cald-
well Schools, Inc.,
under Article 7150,
Vernon's Civil Stat-
utes.

Dear Mr. Holcomb:

We are in receipt of your letter in which you re-
quest an opinion of this Department as to whether or
not the following properties owned by Caldwell Schools,
Inc. are exempt from ad valorem taxation under the laws
of the State of Texas.

"No. 1-being: West part of Lot 4,
Block 80, and Lot 10, Block 184, City of
Tyler, located at 419 South Bonner Street.
This tract is used as the principal site
of Caldwell Play School for pre-school chil-
dren. It is in the nature of a kindergarten
and is not officially connected with the
Tyler Public Schools. Each child pays a
fee, the principal expenses are paid by the
City of Tyler and Caldwell Schools, Inc.
There are no profits. It is operated as a
benevolent public service. The property is
used for no other purpose.

"No. 2-being: The block of land located
at 727 South Chilton known as the Old Chilton
Home. On this property are two principal
buildings, residences which have been convert-
ed to school purposes. The property is used
exclusively for the Caldwell Play School for
certain activities which can not be carried
on on the first tract referred to above.

"No. 3-being: 78 acres of land in the
A. G. Barrett and Harris Fenton Surveys, Smith
County. This property is used exclusively as

a children's zoo, and for Future Farmers Association activities in the raising of their cattle and pigs. The Future Farmers Association projects are under public school supervision; the Zoo, charitable in purpose. There is no admission fee, no profit. The entire expense is paid by Caldwell Schools, Inc. Any person may be admitted to the Zoo, but it is designed principally for children."

Your request also informs us that the Caldwell School, Inc. is a charitable corporation, organized under the laws of the State of Texas and that the three above described properties belong to this corporation.

Subsequent to your request, the attorneys for Caldwell Schools, Inc., advised us of the following facts concerning the school:

"Although it is for pre-school age children in the nature of a kindergarten, (a) it does teach the children a limited amount of writing, such as reading and writing their names, (b) it teaches art, (c) it teaches them how to study, (d) it teaches them things that educators agree may be taught to children in this age group, so that they will be better prepared for the first grade work.

"High school students, as part of their high school work, take practice teaching courses in the school, that is, they practice with the instruction of the children as a part of their accredited high school courses."

Section 2 of Article VIII of the State Constitution provides in part:

". . .the Legislature may, by general laws, exempt from taxation. . .all buildings used exclusively and owned by persons or associations of persons for school purposes . . . institutions of purely public charity; . . ."

The Legislature, pursuant to Section 2, Article VIII, enacted Article 7150, Vernon's Civil Statutes, which provides in part:

"The following property shall be exempt from taxation, to-wit:

"1.   Schools and Churches . . . all such buildings used exclusively and owned by persons or associations of persons for school purposes; . . ."

"7.   Public charities. - All buildings belonging to institutions of purely public charity, together with the lands belonging to and occupied by such institutions not leased or otherwise used with a view to profit, unless such rents and profits and all moneys and credits are appropriated by such institutions solely to sustain such institutions and for the benefit of the sick and disabled members and their families and the burial of the same, or for the maintenance of persons when unable to provide for themselves, whether such persons are members of such institutions or not.   An institution of purely public charity under this article is one which dispenses its aid to its members and others in sickness or distress, or at death, without regard to poverty or riches of the recipient, also when the funds, property, and assets of such institutions are placed and bound by its laws to relieve, aid and administer in any way to the relief of its members when in want, sickness and distress, and provide homes for its helpless and dependent members and to educate and maintain the orphans of its deceased members or other persons."

The Constitutional provisions quoted above are permissive and not mandatory or self-enacting, and consequently a charity to be exempt must fall within the terms of Article 7150, Vernon's Civil Statutes.  Section 7 of Article 7150, quoted above, specifically defines the kinds of public charities that are to be exempted and Caldwell Schools, Inc., although eleemosynary in nature is not a "charitable corporation" as defined by this section.

The properties in question, therefore, must come within the requirements of Section 1 of Article 7150, Vernon's Civil Statutes, in order to be exempt from ad valorem taxation.

Judge Robertson, in the case of Cassiano v. Ursuline Academy, 64 Tex. 673, expressed the policy of the State regarding this exemption as follows:

"It has been the policy of the state since 1849 to encourage educational enterprises by exempting them from any share of the burdens of government. . . .

"The education of the masses is now recognized as a function of state government. Those who from charitable considerations, to forward sectarian views, or for private profit, have organized or conducted schools, have assisted the state in the performance of a duty it owes to its citizens, which cannot be too thoroughly performed, and which the state has never assumed that it had either the means or the machinery of doing sufficiently well without private assistance. The Ursuline Academy is performing its part in this branch of the public service, and it should rather be encouraged by aids, than impaired in its usefulness by a tax upon its pitiful revenues."

The Cassiano case further established that the exemption was to include the land on which the school buildings stand and that private educational institutions were not to be discriminated against in granting such an exemption.

Chief Justice Hickman in Smith v. Feather, 234 S.W. 2d 418, cites Cassiano v. Ursuline Academy, supra, and comments on the policy behind the exemption as follows:

"Private schools were in greater proportion then than they are today, and the theory back of their exemption was that they were rendering a distinct public service which under our theory of government was recognized as a function of the state."

The buildings involved in Smith v. Feather, supra, were used exclusively for operation for profit of a school offering courses in interior architecture and decoration and commercial art. It was argued that this was not a school within the purview of the Constitution and statute. The Court writes on this point as follows:

"We know of no rule or decision which requires or even would authorize a holding

that this institution was not a school within
the terms of the statute."

In Harris v. City of Fort Worth, 180 S.W. 2d 131, the
Court says:

"The Constitution and the Statutes of
this State evince a liberality in the exemp-
tion from taxation of property for educational
or religious purposes. . . ."

In view of the constitutional and statutory provisions
and the authorities referred to above, it is our opinion that
tracts Nos. 1 and 2 are exempt from taxation but that tract
No. 3 is not exempt as it does not come within the purview of
Article 7150.

## SUMMARY

Tracts Nos. 1 and 2 of Caldwell Schools,
Inc. are entitled to exemption from ad
valorem taxation under Article 7150, Ver-
non's Civil Statute, as properties used
for "school purposes;" tract No. 3 is
not entitled to exemption under Article
7150, Vernon's Civil Statutes.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *Robert A. Rowland*

Robert A. Rowland
Assistant Attorney General

RAR:ms

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman

Jack N. Price
John L. Estes
J. Arthur Sandlin
Bob Eric Shannon
REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore