

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

February 13, 1961

Dr. J. W. Edgar
Commissioner of Education
State Department of
 Education
Austin, Texas

Opinion No. WW-994

Re: Whether the State under the
Foundation Program Act (Art-
icle 2922-11, et seq.) by
way of State allocations has
a responsibility to educate,
free of tuition, children
within the district residenc-
ed, enrolled in and under the
custody of a private school
for exceptional children for
all purposes, where the pri-
vate school determines that
enhancement of the children's
progress (physical, mental
and otherwise) will result
from enrolling them in local
public schools?

Dear Dr. Edgar:

We have your letter of December 30, 1960, concerning the
above stated question which reads in part as follows:

"Unquestionably, their /the children's7
residence in the private school located within
the school district is bona fide for all pur-
poses -- maintenance and care, education and
treatment. The private school is operated for
profit. . . .

"We have never questioned the eligibility
of students residing in non-profit institutions,
for example: Boysville located in Judson Rural
High School District of Bexar County or the
orphans' home located in Round Rock Independent
School District of Williamson County, which
assume complete custody of each child and is
responsible for maintenance and training. . . .

"It is the possible subsidy of a private school operated for profit that gives us concern in this problem of first impression. Necessarily and legally would it follow that such a private school is relieved of education costs (to a school district wherein the institution is located and the children reside) when it determines that enrollment of such children in the public schools will enhance their development and progress -- social, mental and otherwise."

Your question resolves itself to a determination of whether admitting children enrolled in private schools for exceptional children, operating for a profit, to public schools of Texas, tuition free, where all residence requirements have been met, could be interpreted as subsidizing such private school.

Article 2901 of Vernon's Civil Statutes states:

"Every child in this State of scholastic age shall be permitted to attend the public free schools of the district or independent district in which it resides at the time it applies for admission, notwithstanding that it may have been enumerated elsewhere, or may have attended school elsewhere part of the year."

Article 2902 of Vernon's Civil Statutes states:

"All children, without regard to color, over six years of age and under eighteen years of age at the beginning of any scholastic year, shall be included in the scholastic census and shall be entitled to the benefit of the public school fund for the year. The board of school trustees of any city or town or independent or common school district shall admit to the benefits of the public schools any person over six and not over twenty-one years old at the beginning of the scholastic year, if such person or his parents or legal guardian reside within said city, town or district."

Article 2922-11 of Vernon's Civil Statutes states:

"This Act shall be known as the Foundantion School Program Act. It is the purpose of this Act to guarantee to each child of school age in Texas the availability of a minimum Foundation School Program for nine (9) full months of the year, and to establish the eligibility requirements applicable to Texas public school districts in connection therewith."

We have been unable to find any authority, either statutory or case law, passing on the question before us nor have we been able to find any authority which would prohibit any child or children from enrolling in the free public schools in the district in which their residence is established, whether enrolled in a private school or otherwise. On the contrary, the statutes pertaining to the free public schools of Texas state that "Every child in this State . . . shall be permitted to attend the free public schools of the district . . . in which it resides . . ." and "All children" shall be entitled to the benefit of the public school if such person, his parents, or legal guardian reside within each city, town or district. There is no restriction or limitation on the classes of children who may take advantage of the free public schools whether they reside in private schools, foster homes, or with their own parents. (Emphasis ours)

Attorney General's Opinion O-7263 (1946) states as follows:

"The general rule appears to be that in the absence of express and specific statutory restrictions limiting the classes of pupils living within a school district who shall be eligible for public school privileges or free attendance, a child of school age living in a school district permanently with no present intention of removal, with a guardian or one who stands in loco parentis to him, free from control of the parents or emancipated, is entitled to all school privileges as a resident of the district for school purposes, even though the parents are non-residents . . ."

It is true that the question propounded involves a fact question but where it can be determined that there will be little or no benefit to the private schools, either directly

or indirectly, and where public school attendance can only benefit the child or enhance the child's progress, the emphasis should be on amplifying rather than restricting the means which will permit children to obtain as much education, enhancement, or benefit as possible.

In connection with the benefits to private schools, it is interesting to note that buildings used for school purposes are exempt from taxation and this applies to private schools as well as public schools. Cassiano v. Ursuline Academy, 64 Tex. 673. The Court states in this opinion as follows:

> "The education of the masses is now recognized as a function of state government. Those who, from charitable considerations, to forward sectarian views, or for private profit, have organized or conducted schools, have assisted the state in the performance of a duty it owes to its citizens, which cannot be too thoroughly performed, and which the state has never assumed that it had either the means or the machinery of doing sufficiently well without private assistance.
> . . ."

Therefore, by virtue of the provisions of Articles 2901, 2902, and 2922-11, Vernon's Civil Statutes, and in light of the general rule herein set out concerning no limitations or class restrictions in the statutes as to children eligible for free public school attendance where residence is established and where it can be proved to the satisfaction of the school district that little or no benefit, either direct or indirect, could accrue to the private school, but only to the children enrolled in such private school, it is the opinion of this department that a school district has the responsibility to educate, free of tuition, children within the district residenced, enrolled in and under the custody of a private school for exceptional children for all purposes, where the private school determines that enhancement of the children's progress (physical, mental and otherwise) will result from enrolling them in local public schools.

## S U M M A R Y

There being no restriction or limitation in the
statutes as to children eligible for free public
school attendance where a bona fide residence has
been established, a school district, therefore,
has the responsibility to educate, free of tuition,
children within the district residenced and enrolled
in a private school for exceptional children where
it is determined that enhancement of the children's
progress will result from public school attendance.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Iola Barron Wilcox
    Iola Barron Wilcox
    Assistant

IBW:mm

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Vernon O. Teofan
W. Ray Scruggs
Lawrence Hargrove
F. C. Jack Goodman

REVIEWED FOR THE ATTORNEY GENERAL

BY:  Morgan Nesbitt