

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

February 7, 1962

Honorable Wayne Burns
County Attorney
Howard County Courthouse
Big Spring, Texas

Opinion No. WW-1254

Re: Taxability of private
kindergarten and first
grade elementary school.

Dear Mr. Burns:

You have asked whether or not a private kindergarten and first grade elementary school is exempt from the ad valorem tax.

Your letter reads in part as follows:

"There is a private school in Howard County which is operated by individuals, and which furnishes instruction for pre-school age children and for at least the First Grade of schooling for children. The entire premises occupied by the school is used solely and exclusively for school purposes by the owners thereof. Credit is given to the students of this school by the local public schools if a child has satisfactorily completed the First grade curriculum, and such child becomes qualified to enter the Second grade of our local public schools in that event. The school is operated for profit by the individuals owning the same."

Sec. 2 of Art. VIII, Texas Constitution, provides in part:

". . . the legislature may, by general laws, exempt from taxation. . . all buildings used exclusively and owned by persons and associations of persons for school purposes and the necessary furniture of all schools. . ." /Emphasis added./

The Legislature enacted Article 7150, V.C.S., Sec. 1 of which reads in part as follows:

"The following property shall be exempt from taxation, to-wit:

> "1. . . . . All public colleges, public
> academies,. . . and all such buildings
> used exclusively and owned by persons or
> associations of persons for school pur-
> poses;. . . ." /Emphasis added./

The Supreme Court of Texas, in Smith v. Feathers, 149 Tex.
402, 234 S.W.2d 418, refused the contention by the respondent
that only schools which were "publicly" owned are exempt, and
stated at page 421:

> ". . . If a building is privately owned
> and privately used it is not a public
> building. We decline to give the word
> 'such' that meaning. It does not refer
> back to public buildings, but to college
> and academy buildings. . . . The statute
> first exempts public college and academy
> buildings, and that is followed by an
> exemption of college and academy buildings
> privately owned." /Emphasis added./

Smith v. Feathers, supra, pertained to a privately owned
school of design. The building was owned by Mr. & Mrs. H. O.
Feathers, and prior to 1948 was operated by the husband and wife
alone. In 1948 an adult daughter of the Feathers became an equal
partner with her parents in the operation of the school. The
partnership made an annual partnership income tax return, and
the profits were divided equally among the three partners. The
daughter did not own any interest in the building. The Court
stated at page 421:

> "It is obvious that from the date of
> the formation of that partnership the
> owners of this building /Mr. & Mrs. H. O.
> Feathers/ were not the exclusive operators
> of the school. Had Mr. & Mrs. Feathers
> rented the building to others who used it
> exclusively for school purposes, it would
> not be exempt. . . . It is equally clear
> that if any part of the building was used
> for the purpose of carrying on a business
> or profession by one not the owner, that
> would destroy the exemption. . . . the fact
> that one of the three persons who use it
> as a school owns no interest in /the build-
> ing/ destroys the exemption." /Emphasis
> added./

The Court allowed the exemption for the year 1947, but denied any exemption for the year 1948 and thereafter while the adult daughter was a partner in the operation of the school.

Where the building is also used as a residence for the owners, it is not owned and used exclusively for school purposes, and is not exempt, Red v. Johnson, 53 Tex. 284; unless the owners of the building conduct a boarding school therein, and reside therein to afford protection, guidance, etc., for the pupils outside the class room. Red v. Morris, 72 Tex. 554, 10 S.W. 681; Cassiano v. Ursuline Academy, 64 Tex. 673.

With respect to the school which is the subject of this opinion, we note that you state, "The entire premises occupied by the school is used solely and exclusively for school purposes by the owners thereof." We assume, therefore, from that statement, that no part of the building which houses the school is used for a residence, or to conduct some business or profession therein other than the school, or is rented or used by any other person than the owners thereof. You also state, "The school is operated for profit by the individuals owning the same." We assume from the latter statement that there is no partner who shares in the profits of the school, except those who are owners of the building. Under this set of facts, we hold that the private kindergarten and first grade elementary school in Howard County which you inquired about is exempt from the ad valorem tax.

## S U M M A R Y

A privately owned building, used for a kindergarten and first grade elementary school, the entire building being used solely and exclusively for school purposes by the owners thereof, and no person sharing in the profits from the operation of the school except the owners of the building, is exempt from the ad valorem tax, under Sec. 2, Art. VIII, Texas Constitution, and Sec. 1, Art. 7150, V.C.S.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Riley Eugene Fletcher

Riley Eugene Fletcher
Assistant

REF:jp

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Marietta McGregor Payne
Robert Lewis
Bob Shannon
Grady Chandler

REVIEWED FOR THE ATTORNEY GENERAL
By:  Houghton Brownlee, Jr.