

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

January 16, 1963

Mr. Steve Hurt
County Attorney
Hale County
Plainview, Texas

Opinion No. C-1

Re: Exemption from ad valorem
taxes of houses owned and
rented by Wayland Baptist
College

Dear Mr. Hurt:

You request the opinion of the Attorney General as to
whether certain houses owned by Wayland Baptist College in
Plainview, Texas, are exempt from ad valorem taxes. You state
these houses are rented to married students and faculty mem-
bers.

Section 2 of Article 8 of the Texas Constitution, in
its pertinent portion, reads as follows:

". . . the legislature may, by general
laws, exempt from taxation . . . all buildings
used exclusively and owned by persons or asso-
ciations of persons for school purposes. . . ."

Article 7150, Section 1, Vernon's Civil Statutes, in
its pertinent portion, exempts from ad valorem taxes,

". . . buildings used exclusively and
owned by persons or associations of per-
sons for school purposes; . . ."

All of the buildings and all of the land necessarily
used in the conduct of the school are exempt from ad valorem
taxes. Cassiano v. Ursuline Academy, 64 Tex. 673 (1885).

If the houses are rented for profit to persons who
occupy them principally for the purpose of a residence, then
such houses are not exempt although the rent payments to the
college may be used by it in the conduct of the school. Red v.
Morris, 72 Tex. 554, 10 S.W. 681 (1889); Red v. Johnson, 53 Tex.
284 (1880); Edmonds v. City of San Antonio, 36 S.W. 495 (Civ.
App. 1896, error ref.).

A house owned by a school is exempt from taxation, even
though a faculty member or student thereof reside therein, if
such residence is to afford protection, guidance and training

to students outside of the classroom, or if such residence is for the convenience of the college by reason of their residing at that particular locality with reference to their obligations to the school, or for some reason with reference to the property itself which is the concern of the college rather than of themselves and is in fact used exclusively for school purposes. Cassiano v. Ursuline Academy (supra); Red v. Morris (supra); Smith v. Feather, 229 S.W.2d 417 (Civ.App. 1950), judgment reformed and affirmed, 149 Tex. 402, 234 S.W.2d 418 (1950); Cornell University v. Thorne, 57 N.Y.S.2d 6 (N.Y.Sup.Ct. 1945); Opinion No. V-09 of Attorney General of Texas (1947).

We do not have sufficient facts upon which to apply the above tests.

We are enclosing a copy of Attorney General Opinion V-09 issued in 1947.

### S U M M A R Y

Whether houses rented by Wayland Baptist College to its faculty members and married students are exempt from ad valorem taxes is a question to be determined from all facts incident to such tenancy.

If the occupancy is primarily for the benefit of the college and within scope of the cases cited in this opinion the houses are exempt.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: W. E. Allen
Assistant

WEA:pw

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
John Reeves
Robert Lewis
Charles Lind
Frank Booth

APPROVED:

Stanton Stone, Executive Assistant
Waggoner Carr, Attorney General