### SAINT EDWARDS COLLEGE v. A. R. MORRIS, TAX COLLECTOR.

#### No. 7783.

1. **Constitution — Exemption from Taxation.** — The exemption indicated as "public property used for public purposes," in article 8, section 2, of the Constitution of this State, applies to property ownership of which is in the State or some one of its municipal subdivisions.

2. **Constitutional Provisions for Exemption.**—The section 2 of article 8 does not give exemption, but was intended to provide the limitations thought necessary to be placed upon the power of the Legislature to exempt property from taxation.

3. **Same.**—The term "all buildings used exclusively and owned by persons or associations of persons for school purposes," used in the Constitution, is the limit of legislative power to exempt schools and colleges other than public from taxation. The Legislature has not sought to enlarge the exemption.

4. **Same—Public and Private Institutions.**—The Constitution as well as the statutes makes the distinction between public property and private property owned and used for school purposes; and that the property in question (a farm cultivated in connection with a boarding school) is not public within the meaning of these laws is clear.

5. **Tax Exemption.**—The plaintiff, an institution of learning, owned 499 acres. College buildings were erected and other necessary structures for an institution of learning. A part of the land was in cultivation, part used as pasture—all for purpose of furnishing supplies for the students, boarders, and teachers. The trial court found that *five acres* including the buildings were in fact used for educational purposes. *Held*, that the farm and pasture lands for such an institution were not exempt from taxation, and the judgment exempting five acres and only such as was so used was affirmed.

APPEAL from Travis. Tried below before Hon. W. M. KEY.

The opinion states the case.

*Z. T. Fulmore* and *J. B. Davies*, for appellant.—1. All the property described in appellant's petition being so owned and exclusively used for school purposes as to entitle it to the exemption claimed, it was error to refuse to perpetuate injunction as to all of it. Const. 1876, art. 8, sec. 2; Rev. Stats., art. 4673; Cassiano v. Ursuline Academy, 64 Texas, 673, and authorities there cited as to equitable remedy of injunction.

2. The Constitution and laws of Texas exempt from taxation "all buildings used exclusively and owned by persons or associations of persons for school purposes." And the word "buildings" means not

only the actual buildings, but the ground upon which they are situated, and that which is used for school purposes in connection therewith. Cassiano v. Ursuline Academy, 64 Texas, 673, and authorities cited.

3. It is not possible, nor will a court presume, to say exactly how much space is necessary to the proper conduct and maintenance of any particular institution of learning, and if owned and used exclusively for the purposes of a school, within the meaning of the terms and spirit of the Constitution and laws, the improvements and the grounds so, used in connection therewith will be held to be entitled to the exemption. Cassiano v. Ursuline Academy, 64 Texas, 673; Red v. Morris, 72 Texas, 554; Trustees v. Wilbraham, 99 Mass., 599; Gen. Hosp. v. Somerville, 101 Mass., 319.

*Geo. S. Walton*, for appellee.

STAYTON, CHIEF JUSTICE.—This suit was brought to enjoin the sale of 499 acres of land, belonging to appellant corporation, for taxes due for the year 1889, which on trial resulted in a judgment enjoining the sale of about five acres of the land, the balance of the tract being held subject to sale. The corporation owned the entire tract, which was conveyed to it to be used for school purposes, and thereon was maintained a boarding school.

The findings of fact relating to the use of the land are as follows:

"The buildings used for said school on January 1, 1889, were situated on the 499 acres of land, part of the De Valle grant, belonging to plaintiff. Those buildings included recitation rooms, dormitories, gymnasium, and outhouses, which with the play grounds included about five acres of said land.

"Of the balance of said 499 acres, about 160 acres were in a state of cultivation (that is, was a farm), but only about two-thirds of it was cultivated in 1889. On this farm was an orchard and garden; the remainder of the land was a pasture.

"The school was and is a boarding school, and had a large number of students boarding in the institution at a cost of about $15 per month.

"Said houses and five acres of land were owned and used exclusively for school purposes January 1, 1889.

"The balance of said 499 acres of land was used as a farm and a pasture; and the produce raised on the farm during 1889 was used to feed the stock on said farm, consisting of six horses, two mules, eighty-five cattle, and twenty-four hogs. The pasture was used to pasture the farm stock—not for hire. The hogs slaughtered were used to supply tables for the boarding school; no stock sold; no produce sold for profit or revenue, but to supply the tables for said boarding school."

The court ascertained the value of the five acres held to be exclusively used for school purposes, in proportion to the entire assessment,

and dissolved the injunction theretofore granted in so far as it restrained the sale of the balance of the land to enforce the assessment.

It is now claimed that the court erred in not holding the entire tract exempt from taxation.

The only part of the Constitution of this State which can have any bearing on the question before us is article 8, section 2, which provides that, "the Legislature may, by general laws, exempt from taxation public property used for public purposes; actual places of religious worship; places of burial not held for private or corporate profit; all buildings used exclusively and owned by persons or associations of persons for school purposes; and the necessary furniture of all schools and institutions of purely public charity; and all laws exempting property 'from taxation, other than the property above mentioned, shall be void.''

It can not be claimed that the property of appellant is *public property used for public purposes*, for to give it such character it is believed that the ownership should be in the State or some of its municipal subdivisions, and it may be that its use would have to be not only under their control but for a purpose for which the State or such municipal subdivisions are authorized to use property held by them for the benefit of the public.

It will be observed, however, that the section of the Constitution quoted does not give exemption, but was intended to provide the limitations thought necessary to be placed on the power of the Legislature to exempt property from taxation; and it becomes necessary to inquire whether the Legislature had the power to give exemption from taxation to appellant's property owned and used as it was, and if so, whether such exemption has been given by the Legislature.

That clause of the Constitution which empowers the Legislature to exempt from taxation "all buildings used exclusively and owned by persons or associations of persons for school purposes," is the only one that can have application to this case.·

The construction to be placed on the word "buildings" was considered in Cassiano v. Ursuline Academy, 64 Texas, 676, and in Red v. Morris, 72 Texas, 554. These were cases in which exemption of city property was claimed on the ground that it was used exclusively and owned by persons or associations of persons for school purposes; and it was held that the word "buildings" would include the lots on which they stood, the whole being used for school purposes, which embraced the recreation of pupils attending the school.

It is now claimed, however, that under the word "buildings" should be embraced all lands which may be used by the owner in a manner which contributes to enable him to conveniently and cheaply supply the table for a boarding house kept for pupils when the land thus used is contiguous or immediately connected with the land used exclusively

for school purposes. We are of opinion, however, that the Constitution withdraws from the Legislature the power to exempt lands owned by persons or associations of persons which are thus used; and this is evidently the construction placed on the Constitution by the Legislature.

Under the power given to exempt from taxation *public property used for public purposes,* public school houses "and the grounds attached to such buildings necessary for the proper occupancy, use, and enjoyment of the same" have been exempted unless leased or otherwise used with a view to profit. Rev. Stats., art. 4673. But even under the terms of this statute such an exemption as the plaintiff claims could not be given where the ownership was public and the purpose for which used also public, unless the grounds were necessary for the proper occupancy, use, or enjoyment of the public school house.

The statute also exempts from taxation "all public colleges, public academies, all buildings connected with the same, and all the lands connected with *public* institutions of learning." Under this exemption, which has reference to *public colleges and academies,* the connection of buildings and of lands referred to may not be one of mere contiguity, but one of connected use for a common purpose public in its nature, and not foreign to the leading purposes for which public colleges and academies are established and maintained. Public schools, colleges, and academies may, under authority of law, be established for the purpose of giving instruction in mechanics, agriculture, or other pursuit, which can be done practically only by having lands which may be used for the purpose of giving practical instruction, and in such a case all the buildings and lands used for such a purpose would evidently be exempt. The public purpose to be subserved by public schools, colleges, and academies is public instruction, and there is nothing in the Constitution or the statutes of this State which indicates an intention that anything shall be exempted from taxation which does not more or less directly tend to that end.

In reference to the exemption from taxation of property when used exclusively and owned by persons or associations of persons for school purposes, the statute simply repeats the language of the Constitution which permits the exemption to be made, thus indicating an intention to make the exemption in such cases more restrictive than is the exemption when given to public school houses, public colleges, and public academies. The Constitution as well as the statutes makes the distinction between public property and private property owned and used for school purposes; and that the property in question is not public within the meaning of these laws is too clear. It may have been convenient to have lands in connection with those used for school purposes that might be used for agricultural or pasture purposes, and thus supply much that went to furnish the table of a boarding school, but we

are of opinion that the lands so used by appellant were not used exclusively for school purposes.

The court below held to be exempt from taxation as much of the land as the Constitution would permit the Legislature to exempt or as it had attempted to exempt, and its judgment will be affirmed.

*Affirmed.*

Delivered October 23, 1891.