

# THE ATTORNEY GENERAL

## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

XXXXXXXXXXXXXXXXXXXXXXXX

ATTORNEY GENERAL

Hon. Charles R. Martin          Opinion No. O-3083
County Auditor                  Re:  Whether land belonging to
Marshall, Texas                 College of Marshall is exempt
                                from taxation.

Dear Sir:

  In your letter of January 24, 1941, you inquire whether the real property belonging to the College of Marshall is exempt from taxation. You advise that this College is owned by the Baptist General Convention of the State of Texas, and that most of the real estate mentioned in your letter is occupied by the plant proper and is used exclusively for educational purposes. However, you advise that a part of the land, given to the College about the year 1915, is farmed by the institution and that the money derived from such farming is used for the maintenance of the college. In the event any of said property is found to be exempt from taxation, you inquire whether it is the duty of the assessor and collector of that county to strike such property from the rolls, or whether it is the duty of the commissioners' court to enter an order striking the same from the rolls.

  Section 2 of Article 8, State Constitution, reads in part as follows:

  "*** the legislature may, by general laws, exempt from taxation *** all buildings used exclusively and owned by persons or associations of persons for school purposes and the necessary furniture of all schools and property used exclusively and reasonably necessary in conducting any association engaged in promoting the religious, educational and physical development of boys, girls, young men or young women operating under a State or National organization of like character; also the endowment funds of such institutions of learning and religion not used with a view to profit; and when the same are invested in bonds or mortgages, or in land or other property which has been and shall hereafter be bought in by such institutions under foreclosure sales made to satisfy or protect such bonds or mortgages, that such exemption of such land and property shall continue

only for two years after the purchase of the
same at such sale by such institutions and no
longer, and institutions of purely public
charity; and all laws exempting property from
taxation other than the property above mentioned
shall be null and void."

Article 7150, Revised Civil Statutes, exempts from
taxation, among other properties, the following:

"All public colleges, public academies,and
all endowment funds of institutions of learning
and religion not used with a view to profit, and
when the same are invested in bonds or mortgages,
and all such buildings used exclusively and owned
by persons or associations of persons for school
purposes; provided that when the land or other
property has been, or shall hereafter be, bought
in by such institutions under foreclosure sales
made to satisfy or protect bonds or mortgages in
which said endowment funds are invested, that such
exemption of such land and property shall continue
for two years after the purchase of the same at
such sale by such institutions and no longer."

The term "buildings," as used in the above consti-
tutional and statutory provisions, includes the land upon which
the same stand as well as such grounds thereabout as are used
in the actual operation of the school, such as yards and recrea-
tional grounds. St. Edwards' College vs. Morris, 17 S.W. 512,
82 Tex. 1; Cassiano vs. Ursuline Academy, 64 Tex. 673. But, it
was not intended that all the land owned by such schools should
be exempt from taxation without regard to its use. It must be
used exclusively for school purposes in order to fall within
the exemption. The fact that the proceeds of the farming opera-
tions conducted on some of this land are used in maintaining
the school does not make the exemption operative. The St. Ed-
wards' College case, supra, is closely in point, and we quote
from the opinion of Judge Stayton in that case as follows:

" *** The findings of fact relating to the use of
the land are as follows: 'The buildings used for
said school on January 1, 1889, were situated on
the 499 acres of land, part of the De Valle grant,
belonging to plaintiff. These buildings included
recitation rooms, dormitories, gymnasium, and out-
houses, which, with the play-grounds, included about
five acres of said land. Of the balance of said 499

acres, about 160 acres was in a state of cultivation, (that is, was a farm,) but only about two-thirds of it was cultivated in 1889. On this farm was an orchard and garden. The remainder of the land was a pasture. The school was and is a boarding school, and had a large number of students boarding in the institution, at a cost of about fifteen dollars per month. Said houses and five acres of land were owned and used exclusively for school purposes, January 1, 1889. The balance of said 499 acres of land was used as a farm and a pasture, and the produce raised on the farm during 1889 was used to feed the stock on said farm, consisting of 6 horses, 2 mules, 85 cattle, and 24 hogs. The pasture was used to pasture the farm stock, not for hire. The hogs slaughtered were used to supply tables for the boarding school, -- no stock sold, no produce sold, for profit or revenue, but only to supply the tables for said boarding school.' The court ascertained the value of the 3 acres held to be exclusively used for school purposes in proportion to the entire assessment, and dissolved the injunction theretofore granted, in so far as it restrained the sale of the balance of the fund, to enforce the balance of the assessment. It is now claimed that the court erred in not holding the entire tract exempt from taxation. *** The construction to be placed on the word 'buildings' was considered in Cassiano v. Ursuline Academy, 64 Tex. 676, and in Red v. Morris, 72 Tex. 554, 10 S. W. Rep. 681. These are cases in which exemption of city property was claimed on the ground that it was used exclusively and owned by persons or associations of persons for school purposes, and it was held that the word 'buildings' would include the lots on which they stood, the whole being used for school purposes, which embraced the recreation of pupils attending the school. *** It may have been convenient to have lands, in connection with those used for school purposes, that might be used for agricultural or pasture purposes, and thus supply much that went to furnish the table of a boarding school; but we are of opinion that the lands so used by appellant were not used exclusively for school purposes. The court below held to be exempt from taxation as much of the land as the constitution would permit the legislature to exempt, or as

it had attempted to exempt, and its judgment
will be affirmed."

From the above our opinion follows that the land on
which the school plant is located and which is used exclu-
sively for educational purposes, including the necessary
yards and recreational grounds, is exempt from taxation
and should be stricken from the rolls by the Assessor-Col-
lector. However, the land which is farmed is not exempt
under the Constitution and should be kept on the rolls.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Glenn R. Lewis

Glenn R. Lewis, Assistant

APPROVED FEB 15, 1941
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY: BWB, Chairman

GRL:js:wb