

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
~~XXXXXXXXXXXXXX~~
ATTORNEY GENERAL

Honorable V. J. Campbell
County Attorney
Garza County
Post, Texas

Dear Sir:

Opinion No. 0-5082
Re: Reversion of property conveyed
to and to be held by a School
District so long as used for
school purposes.

Acknowledgment is made herein of your letter of February 1, 1943, requesting an opinion of this Department and of your letters of February 12th and 20th submitting additional factual information requested by this Department, the substance of all of said letters being as follows:

The deed conveying the one acre of land, upon which the building of the Laforest Common School District is located, contains the following clauses: "To have and to hold the . . . described premises . . . as long as such property is used for school purposes . . . with the express understanding that when said property is no longer used for school purposes, it reverts to . . . and his heirs or assigns."

That because of the close proximity and availability of the Justiceburg School and its school buses and the fact that there were but thirteen (13) or fourteen (14) scholastics in 1935, said scholastics were transferred to Justiceburg and no school has been had or held in that Laforest School District for the past seven (7) years, or since the year 1935. The Laforest School District, however, is still functioning, trustees are elected at regular elections. The trustees have never expressed abandonment of the location or an intention to abandon same.

An old school building still stands on the location and up until the last term and a part of this term neither the building nor the location has been used. During the last school term and a part of this term the schoolhouse was used to accommodate the school bus driver.

It may be necessary to have school at this place this year and for the war's duration in view of the fact the school buses are quite worn and cannot be replaced, the manufacture of buses and other automobiles having been discontinued.

The question submitted for answer is:  Do the described facts constitute abandonment of the property so that it reverts to the grantor?  However, the question involved herein seems more clearly to be:  Under the described facts has the title reverted to the original owner, his heirs or assigns, because of the clauses quoted above from the deed?  The department proceeds to answer the question in its revised form.

By the terms of the deed itself, the land so conveyed would be forfeited automatically upon its ceasing to be used for school purposes.  Eyssen v. Zeppa, 100 S.W. (2d) 417 (Tex. Civ. App.) and the several authorities cited therein; Swink v. City of Dallas, 36 S.W. (2d) 222 (Tex. Comm. App., Sec. B.); 37 Tex. Jur., Sec. 80, p. 949.  It is, therefore, the use to which the land is put, not the intention of the school trustees with respect thereto, which governs.  Putney v. School Dist. No. 4 of Town of Brookfield, 255 N.W. 76 (Wisc.); Richey v. Corralitos Union School Dist. of Santa Cruz County, 228 P. 348 (Calif.); Attorney General Opinion No. 0-4939.

From these authorities and the cases cited therein it follows that the words "as long as such property is used for school purposes" in the said deed from J. S. Reed to the Laforest School District creates a conditional limitation and the title thereto ipso facto would revert to the grantor, his heirs or assigns, at that time when the same ceased to be used by the school district for school purposes.  It should be noted, however, that instruments containing such conditions are strictly construed against the grantor.  Maddox v. Adair, (Civ. App.) 66 S.W. 811 (Writ of Error denied 95 Tex. 682; 12 Tex. Jur. Sec. 88, p. 134.

It has been held that the term "school purposes includes the recreation of pupils attending school.  St. Edwards College v. Tax Collector, 82 Tex. 1 (1891).  In Peoples exral Pearsall County Collector v. Catholic Bishop of Chicago, 142 N. E. 520, a 385 acre tract used by a school for boating, swimming, skating, and some of which had been beautified with drives, walks and other improvements, and of which only a small part was used for buildings, was exempt from taxes under a State statute providing that all property used exclusively for school purposes should be exempt from taxes.

In McCullough v. Swifton Consolidated School Dist., 155

S.W. (2d) 353, (1941) the Supreme Court of Arkansas, held that
where a deed to the school district provided that property
should be used for school purposes only and should the district
at any time abandon the property, title should revert to the
grantor, and thereafter the school district was consolidated
with another which tore down the school building located on
the land, part of the material of which was used in the erec-
tion of a waiting station on the land for the comfort of chil-
dren who rode school bus to the consolidated school, the land
was not "abandoned" for "school purposes" and did not revert
to the grantor, notwithstanding that no school was conducted
there, since it was still used for school purposes. The court
reasoned, and correctly we think, that the school district has
not abandoned the land for school purposes although it has done
so as a school. See also Atty. Gen. Opinion No. 0-485.

On the other hand, it has been held that the use of a
building for the storage of school furniture, books, etc., is
not "for school purposes" and does not prevent an abandonment
of the property under a deed specifying that the property was
to be used for such purposes and containing a reversionary
clause. Putnam v. School Dist. No. 4 of Town of Brookfield
(Wisc.), 255 N.W. 76; Richey v. Corralitos Union School Dist.
of Santa Cruz County (Calif.) 228. P. 348.

An opinion in a case of this kind depends entirely upon
all the facts and circumstances surrounding the execution of
the deed and the use made of the land. We could not give an
entirely accurate opinion without the benefit of all such facts,
which could only be brought out upon a trial or upon a thorough
investigation preparatory for trial. However, based upon the
facts submitted in your letters and herein summarized wherein
it is shown that the land in question was used for no school
purposes whatsoever from and during the year, 1935, until "the
last school term in the year, 1942, and part of this school term
in the year, 1943," and then only "to accommodate the school
bus driver", it is the opinion of this department that the land
ceased to be used for school purposes prior to the time when
the schoolhouse was used to accommodate the bus driver. Under
the law and the facts herein submitted, the said land has ceased
to be used for school purposes, and under the terms of the deed
the title thereto reverted automatically to the grantor, his
heirs or assigns.

Your attention is directed to Attorney General Opinion
No. 0-4939, for any assistance it may offer with respect to
school property on said land, wherein it was held that where
under a deed containing a reversionary clause, land has been
conveyed to a school district for school purposes only and
thereafter a schoolhouse is erected thereon, the school district

may remove such building when the property has been abandoned for school purposes and has reverted under the deed to the grantor.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Chester E. Ollison
   Chester E. Ollison
   Assistant

CEO:flo:wc


APPROVED MAR 3, 1943
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman