

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 26, 1951

Hon. Henry Wade
District Attorney
Dallas County
Dallas, Texas

Opinion No. V-1153.

Re: Tax exemption of property
owned by morticians' schools.

Dear Sir:

You have requested the opinion of this office on the above captioned matter and have supplied us with a copy of an opinion rendered by you on the same subject. The only facts stated in the opinion are that a Mr. Fredericks and his associates have petitioned the Tax Assessor-Collector of Dallas County for tax exemption on a morticians' school operating entirely for gain.

Section 2, Article VIII, of the Constitution of the State of Texas authorizes the Legislature to "exempt from taxation . . . all buildings used exclusively and owned by persons or associations of persons for school purposes. . . ." Article 7150, V.C.S., grants the exemption in the exact words of the Constitution except for the insertion of the word "such" before "buildings."

In Smith v. Feather, 234 S.W.2d 418 (Tex. Sup. 1950), the Court held that a building used exclusively for operating a private school offering courses in Interior Architecture and Decoration, Commercial Art, Costume Design, and Display and Merchandising was exempt from taxation during the years that the owners so operated the building, but was not exempt for those years in which one of the partners owned no interest in the building. The Court stated that buildings used exclusively for private schools, even though operated for profit, are exempt from taxation. At page 420 of the opinion, the Court said:

"The language of the exemption is hardly susceptible of any other construction. It is applicable to buildings privately owned, and the only requisite which must be met in order for a building to fall within the exemption is that it be used exclusively by its owner for school purposes." (Emphasis ours.)

Under the holding of the Feather case, the owners of the building must be the exclusive operators of the school. The Feather case also summarizes the cases which have dealt with specific factual requisites for exemption and which hold that if any

part of the building is used by one not the owner or is used by the owner as a residence or in any way which is inconsistent with the school's purposes, the exemption is lost.

If the factual requisites for exemption are met in the instant case, the buildings of the morticians' school are exempt from taxation. Finally, we call your attention to the fact that the exemption is limited to the school buildings and the land upon which they stand and such ground as is used in the actual operation of the school. St. Edwards College v. Morris, 82 Tex. 1, 17 S.W. 512 (1891). Personal property belonging to the school is not exempt from taxation.

## SUMMARY

The buildings of a morticians' school and the land on which they stand are exempt from taxation if the owners are the exclusive operators of the school and if the buildings are used exclusively for school purposes. St. Edwards College v. Morris, 82 Tex. 1, 17 S.W. 512 (1891); Smith v. Feather, 234 S.W.2d 418 (Tex. Sup. 1950).

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

By Marietta McGregor Creel

Mrs. Marietta McGregor Creel
Assistant

W. V. Geppert
Taxation Division

Jesse P. Luton, Jr.
Reviewing Assistant

Price Daniel
Attorney General

MMC/mwb