

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 3, 1961

Honorable William A. Nobles
County Attorney
Wise County Courthouse
Decatur, Texas

Opinion No. WW-1184

Re: Tax exemption status of
a royalty interest belong-
ing to Decatur Baptist
College, arising from a
pooled lease of lands
belonging to the college.

Dear Mr. Nobles:

Your request for an opinion reads in part as follows:

"Decatur Baptist College is a junior
college operated by and under the auspices
of the Baptist General Convention of Texas.
It owns approximately four blocks of land
in South Decatur Addition to the city of
Decatur, on which its buildings, athletic
fields and other school facilities are
located.

"Adjoining said campus, it owns various
numbered lots and blocks in said addition,
aggregating 91.212 acres of land through
and across which the platted streets and
alleys have never been laid out or used
as such. The College acquired this prop-
erty under various deeds dated from the
year 1899 to the year 1947.

"In the year 1948, the College authorities
issued an oil and gas lease covering the
91.212 acres under what is known in the
industry as a "pooling" lease, thereafter
under the authority granted in the lease,
the lessee pooled said acreage with other
lands to create a production unit of 352
acres for the production of gas; drilled
and discovered a producing gas well on the
acreage with which the College lands had
been pooled.

"So far as I am able to determine, none
of the College owned property has ever been
on the tax roll of any taxing agency in Wise

County, Texas, the county and state wherein
said land is situated, until the year 1961,
for which year the royalty interest in said
unitized production has been assessed at
a value of $1,220.00, the tax value on
which state and county assessed at $18.56,
an issue is presented between the tax
assessor-collector of Wise County, Texas,
and the administrative authorities of
Decatur Baptist College as to whether or
not the property in question is exempt
from taxation."

In response to further inquiry from this office, you
stated in part as follows:

"All the property belonging to Decatur
Baptist College and involved in my problem,
are, and have been at all times since, owned
by the College, situated within the city
limits of the City of Decatur, all of which
being platted in lots, blocks, streets and
alleys; that part of the acreage in question
is not a part of the college campus and
never has been. According to my information
the only use the college has ever made of it
has been to graze dairy cattle thereon, the
numbers varying from time to time until in
recent years the dairying operation has been
discontinued. While maintaining the dairy
cattle on the land, the dairy products
derived from the operation were used for
the student tables in the dormitory. The
entire tract in question was enclosed in
solida with fences which have been extended
from time to time as acreage has been acquired
by the college until all of it is under one
fence and entire acreage was used for dairy
cattle grazing until that operation was dis-
continued. For the last several years no
use has been made of this land by the college,
in so far as I am informed, and believe.

"I do not find that the College authorities
have ever filed with the Tax Assessor Collector
of Wise County, Texas, the County and State
wherein said land is situated, 'A complete
itemized statement of all of said property,
any and every kind whatsoever which is claimed
to be exempt from taxes under the auspices

of this present law, and all property not so
listed should be assessed and it would be the
duty of the tax assessor to make levy on the
same, and the tax collector to collect said
taxes.'

"In so far as I am informed or believe,
the entire income from said land, if any,
has been used by the College authorities
for operational expenses of the college."

In response to a telephone inquiry from this office, you
have further stated that while Decatur Baptist College has
given instruction in the subject of agriculture in the past,
it has not done so in the last five or six years. You further
stated that even when the College gave instruction in agriculture,
this particular tract of land, 91.212 acres, was not used for
instructional purposes.

Section 2 of Article 8, Texas Constitution, reads in part
as follows:

". . . the legislature may, by general
laws, exempt from taxation. . . all
buildings used exclusively and reasonably
necessary in conducting any association
engaged in promoting the religious,
educational and physical development of
boys, girls, young men or young women
operating under a State or National
organization of like character; also the
endowment funds of such institutions of
learning and religion not used with a view
to profit; and when the same are invested
in bonds or mortgages, or in land or other
property which has been and shall hereafter
be bought in by such institutions under
foreclosure sales made to satisfy or protect
such bonds or mortgages, that such exemption
of such land and property shall continue
for only two years after the purchase of
the same at such sale by such institutions
and no longer,. . .; and all laws exempting
property from taxation other than the prop-
erty above mentioned shall be null and void."

In Dickison v. Woodmen of the World Life Insurance Society,
280 S.W.2d 315 (Civ.App., 1955, error ref.), the Court stated
at page 317:

"There are other provisions of the Constitution relating to exemption from the burden of taxation of property, but the only constitutional provision here involved is Sec. 2, Art. 8. Two things are apparent from a reading of this constitutional provision: First, that the section itself does not exempt any property from taxation, but only authorizes the Legislature to do so by general laws, and second, while the Legislature may restrict the exemption, it may not broaden it beyond the constitutional confines, and any attempt to do so would be null and void."

The Legislature, acting under the authority of the provisions of Section 2 of Article 8, Texas Constitution, enacted Article 7150, V.C.S. Section 1 of which reads in part as follows:

"The following property shall be exempt from taxation, to-wit:

"1. Schools and Churches.--Public school houses. . .All public colleges, public academies, and all endowment funds of institutions of learning. . .not used with a view of profit, and when the same are invested in bonds or mortgages, and all such buildings used exclusively and owned by persons or associations for school purposes; provided that when the land or other property has been, or shall hereafter be, bought in by such institutions under foreclosure sales made to satisfy or protect bonds or mortgages in which said endowment funds are invested, that such exemption of such land and property shall continue for two years after the purchase of the same at such sale by such institutions and no longer. This provision shall not extend to leasehold estate of real property held under authority of any college or university of learning.

"Provided, however, that said schools. . . desiring the right of exemption of the properties hereinabove mentioned, shall first prepare and file with the Tax Assessor of the County in which such property is situated,

a complete itemized statement of all of said
property, any and every kind whatsoever,
which is claimed to be exempt from taxation
under the provisions of this particular law,
and all property not so listed shall be
assessed and it shall be the duty of the
Tax Assessor to make levy on the same, and
for the Tax Collector to collect the said
taxes.

"Said itemized list of exemptions when
made by said schools. . .shall be sworn
to by some officer of the said schools. . .
familiar with the facts, and when the same
has been filed with the Tax Assessor same
shall be by him filed in his office, subject
to inspection at any time by any person
desiring to see the same." /Emphasis added/

The above proviso to the effect that schools and churches
desiring the right of exemption shall file with the tax assessor
a complete itemized statement of all property claimed to be
exempt was held ineffective because the caption of the amendatory
act failed to mention such purpose in the caption. City of
Fort Worth v. Harris, 177 S.W.2d 308 (Civ.App. 1944) revd.
on other grounds, 142 Tex. 600, 180 S.W.2d 131 (1944).

In the case of Cassiano v. Ursuline Academy, 64 Tex. 673
(1885), the Court held that the term "building" included the
land used with it. The grounds in question were used for
recreation of the pupils and to supply vegetables for the
school table. The Court said, at page 676:

"All the buildings and all the land
sought to be sold by appellants were
necessary and used for the proper and
economical conduct of the school."

The Court held that the buildings and ground were exempt from
taxation.

In St. Edwards' College v. Morris, 82 Tex. 1, 17 S.W.
512 (1891), the College owned 499 acres of land, which the
trial court found to consist of 5 acres used exclusively for
school purposes, and 494 acres was used as a farm and pasture.
The pasture was used to pasture the farm stock; the produce
raised on the farm was used to feed the stock. No stock was
sold; no produce was sold. The hogs slaughtered were used
to supply the table in the school. The trial court held

that the 5 acres was exempt, and the 494 acres subject to ad valorem taxes. The Supreme Court of Texas said at page 512:

> "It cannot be claimed that the property of appellant is public property used for public purposes, for to give it such character it is believed that the ownership should be in the state or some of its municipal subdivisions,. . ."

At page 513, the Court said:

> "The statute also exempts from taxation 'all public colleges, public academies, all buildings connected with the same, and all lands connected with public institutions of learning.' Under this exemption which has reference to public colleges and academies, the connection of buildings and of lands referred to, may not be one of mere contiguity, but one of connected use, for a common purpose, public in its nature, and not foreign to the leading purposes for which the public colleges and academies are established and maintained. . . .The constitution, as well as the statutes, make the distinction between public property and private property owned and used for school purposes, and that the property in question is not public within the meaning of these laws as too clear. It may have been convenient to have lands, in connection with those used for school purposes, and thus supply much that went to supply the table of a boarding school; but we are of the opinion that the lands so used by appellant were not used exclusively for school purposes." /Emphasis added./

The Supreme Court upheld the trial court, which had exempted as much of the land as the constitution would permit the legislature to exempt, and held the balance of the land subject to taxation.

The foregoing cases pertain to privately owned church schools. They are to be distinguished from the case of State v. University of Houston et al, 264 S.W.2d 153 (Civ. App., 1954, error ref., n.r.e.). In that case, the University

of Houston, which is located in Harris County, owned certain
producing mineral interests in Fort Bend County. The State,
Fort Bend County and certain different types of taxing
districts located in Fort Bend County, sought to subject the
mineral interest to ad valorem taxes. In the beginning, the
University of Houston was a municipally owned public junior
college, developing eventually into a large endowed university.
The appellants had sought to place this mineral interest on the
tax rolls on the grounds that the University had lost its
status as a "publicly owned and operated institution of learn-
ing." The Court held that the University still retained its
"publicly owned and operated" status, and that the mineral
interest sought to be taxed was exempt.

Attorney General's Opinion No. V-1568 (1952), concerned
Jarvis Christian College, which by its purpose clause was
incorporated to "give to the colored youth of Texas practical
. . .agricultural training, as well as high grade instruction
in the arts and sciences;. . . ." /Emphasis added./ Some
of the college lands were used for campus, other land being
used as demonstration tracts in agricultural pursuits, and
other lands used in reforestation courses. The opinion held
that the entire surface of the land was being used exclusively
for school purposes, and that such exemption extended to the
one-eighth oil royalty constituting a part of the whole of
the real estate owned by the college.

In Attorney General's Opinion No. 0-3083 (1941) it was
held that the land on which the school plant of the College
of Marshall is located and which is used exclusively for
educational purposes, including the necessary yards and
recreational grounds, was exempt from taxation, but that a
part of the land which was farmed was not exempt.

Attorney General's Opinion No. 0-6435 (1945) was concerned
with two tracts of land acquired for Trinity University in
San Antonio. The Secretary of the Board of Trustees of the
University in a letter to the Commissioners' Court requested
that the land be exempt from taxation, and stated that "This
property has been acquired to become part of the campus of
the Trinity University." /Emphasis added/ The opinion held
that ". . .if the /Commissioners'/ court is convinced that
such property is reasonably necessary to the full exercise
and enjoyment of the educational purposes of the University,
it is exempt from taxation. . . ."

From the facts submitted, and the authorities cited, it
is our opinion, and we so hold, that the 91.212 acre tract
is not exempt from taxation. If the surface of the land is

not exempt, neither is the mineral interest, it being a part of the realty. The tract in question is no part of the campus; the land is not used as a demonstration tract in agricultural pursuits; the land is not owned by a "publicly owned and operated institution of learning," that is, it is not owned by the State, county or any municipality.

## S U M M A R Y

The royalty interest of a 91.212 acre tract of land owned by Decatur Baptist College, which has been pooled with other land under an oil and gas lease, the surface of such tract not being a part of the campus, not used as a demonstration tract in agricultural pursuits, and not the property of a publicly owned and operated institution of learning, is not exempt from ad valorem taxes.

Yours very truly,

WILL WILSON
Attorney General of Texas

By:

Riley Eugene Fletcher
Assistant

REF:cm

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

W. E. Allen
W. Ray Scruggs
Marvin Sentell

REVIEWED FOR THE ATTORNEY GENERAL
By:  Houghton Brownlee, Jr.