

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

June 4, 1968

The Honorable Joe Resweber
County Attorney
Harris County
Houston, Texas

Opinion No. M-240

Re: Constitutionality of
Senate Bill 105, 60th
Legislature, 1967, codi-
fied as Section 22 of
Article 7150, Vernon's
Civil Statutes.

Dear Mr. Resweber:

Your request for an opinion reads, in part, as follows:

> "Carl Smith, Tax Assessor-Collector
> of Harris County has recently requested
> this office to obtain an Attorney General's
> Opinion as to whether or not S.B. 105, 60th
> Legislature, 1967, which is codified as
> Section 22 of Article 7150, V.T.C.S., is
> constitutional."

You also expressed the opinion that said Section 22 is unconstitutional, but you have not presented us with any factual situation for application of the statute.

This opinion will deal only with said Senate Bill 105 (60th Legislature, p. 319, Ch. 152), and it does not relate to House Bill No. 372, 60th Legislature, p. 855, Ch. 363, which involves non-profit corporations (as defined in the Texas Non-Profit Corporation Act), and which is also codi-fied as Section 22 of Vernon's Civil Statutes.

Senate Bill 105, 60th Legislature, 1967, codified as Section 22 of Article 7150, Vernon's Civil Statutes, provides in part:

> "22. The property of all fraternal
> organizations shall be exempt from taxation
> so long as the property is owned and used
> for charitable, benevolent, religious, and
> educational purposes, and is not in whole

-1171-

or in part leased out to others, or
otherwise used with a view to profit.

"The term 'Fraternal Organization'
as used in this Act shall mean, 'A lodge,
or lodges, engaged in charitable, benevo-
lent, religious, and educational work.'

"However, this Act shall not apply
to any fraternal organization or lodge
which pays to its members, either directly
or indirectly, any type of insurance benefit,
be it life, health, accident or death benefit,
or any other type of insurance; neither shall
any organization which shall directly or
indirectly participate or engage in any
political activity, either in support of or
in opposition to any candidate seeking any-
public office, have or be entitled to bene-
fits as provided under this Act."

The constitutionality of the statute in exempting
property from ad valorem taxation is controlled by Article
VIII, Section 2 of the Texas Constitution, reading as follows:

"Sec. 2. All occupation taxes shall be
equal and uniform upon the same class of sub-
jects within the limits of the authority levying
the tax; but the legislature may, by general
laws, exempt from taxation public property
used for public purposes; actual places or [of]
religious worship, also any property owned by
a church or by a strictly religious society for
the exclusive use as a dwelling place for the
ministry of such church or religious society,
and which yields no revenue whatever to such
church or religious society; provided that such
exemption shall not extend to more property
than is reasonably necessary for a dwelling
place, and in no event more than one acre of
land; places of burial not held for private
or corporate profit; all buildings used
exclusively and owned by persons or associa-
tions of persons for school purposes and the
necessary furniture of all schools and prop-
erty used exclusively and reasonably necessary

in conducting any association engaged in promoting the religious, educational and physical development of boys, girls, young men or young women operating under a State or National organization of like character; also the endowment funds of such institutions of learning and religion not used with a view to profit; and when the same are invested in bonds or mortgages, or in land or other property which has been and shall hereafter be bought in by such institutions under foreclosure sales made to satisfy or protect such bonds or mortgages, that such exemption of such land and property shall continue only for two years after the purchase of the same at such sale by such institutions and no longer, and institutions of purely public charity; and all laws exempting property from taxation other than the property above mentioned shall be null and void."

The controlling question is whether the exempt purposes set forth in Section 22 of Article 7150 are broader than the exempt purposes provided by the Constitution. If the statute is subject to a broader construction than Section 2 of Article VIII of the Constitution of Texas, that construction must be rejected as an unconstitutional construction. Dickison v. Woodmen of the World Insurance Society, 280 S.W.2d 315 (Tex. Civ.App. 1955, error ref.). In City of Waco v. Landingham, 138 Tex. 156, 157 S.W.2d 631, 633 (1941), the Supreme Court recognized that ". . . it is a settled rule of statutory construction that where the language of a statute is broad enough to cover matters without, as well as within, the power of the Legislature to enact, courts should construe the statute in a restricted manner, as applying only to the matters lying within the legislative power."

Statutes will be presumed to be constitutional, and if they may be upheld by a construction in harmony with the Constitution, it is the duty of the courts to do so. 54 Tex. Jur.2d 140-142, Sec. 23, Taxation.

The exempt purposes in the statute are defined by the words "charitable, benevolent, religious and educational." We will compare each of such words separately with the language of Section 22 of Article VIII of the Constitution.

Charitable. In construing the word charitable in the statute, it will be construed to mean "purely public charity" for ad valorem tax purposes. See City of Houston v. Scottish Rite Benevolent Ass'n., 111 Tex. 191, 230 S.W. 978 (1921); River Oaks Garden Club v. City of Houston, 370 S.W.2d 851 (1963). Therefore, the word "charitable" must be limited to mean "purely public charity."

Benevolent. The word benevolent is generally held to mean "charitable." Black's Law Dictionary, 4th Ed., p. 201. "Purely public charity" is the only phrase in Section 2 of Article VIII of the Constitution that might be considered as synonymous with "benevolent." However, the Supreme Court of Texas in the River Oaks Garden Club case, supra, held that the accomplishment of "ends wholly benevolent" was only one-third part of the definition of an "institution of purely public charity." Therefore, the word "benevolent" will be construed and limited to mean the same as "purely public charity."

Religion. Here, the first portion of Article VIII, Section 2 to be considered reads: "actual places of religious worship, also any property owned by a church or by a strictly religious society for the exclusive use as a dwelling place for the ministry of such church or religious society, and which yields no revenue whatever to such church or religious society; provided that such exemption shall not extend to more property than is reasonably necessary for a dwelling place and in no event more than one acre of land, . . ."

In construing this exemption, it has many times been held that the exemption goes only to the explicit property defined in the Constitution. City of San Antonio v. Young Mens Christian Ass'n., 285 S.W. 844 (Tex.Civ.App. 1926, error ref.); Radio Bible Hour, Inc. v. Hurst-Euless Independent School District, 341 S.W.2d 467 (Tex.Civ.App. 1960, error ref., n.r.e.); City of Houston v. South Park Baptist Church of Houston, 393 S.W.2d 354 (Tex.Civ.App. 1965, error ref.); Attorney General Opinion No. 0-3880 (1941).

The second part of Article VIII, Section 2 to be examined in regard to "religion" is as follows: "and property used exclusively and reasonably necessary in conducting any association engaged in promoting the religious, educational and physical development of boys, girls, young men or young women operating under a State or National organization of like character."

Thus, the "religious purpose" of Section 22 of Article 7150 will be limited with respect to this clause of the Constitution to those fraternal organizations which are of the character specified in such clause. This conclusion is also applicable to the only other constitutional exemption relating to "religious," i.e., "also the endowment funds of such institutions of learning and religion not used with a view to profit." This provision relates to endowment funds and not to property generally. Harris v. City of Ft. Worth, 142 Tex. 600, 180 S.W.2d 131 (1944).

We thus conclude that the phrase "religious purpose" will be construed to encompass only the religious activities which are within the confines of the last three quoted portions of the Constitution.

Educational. With respect to "educational," the only applicable clauses of Section 2 of Article VIII are those dealing with buildings and furniture of institutions which are used exclusively for school purposes, and endowment funds of such institutions.

In order to fit these "educational" exemptions, the property must be of the exact nature described in the Constitution, and no statute will be construed so as to afford a broader exemption. St. Edwards College v. Morris, 82 Tex. 1, 17 S.W. 512 (1891); Attorney General Opinion No. 0-871 (1939).

While the statute in question does not specifically require that the property be owned and used exclusively for the named purposes, we are required to construe the statute to have been passed with a constitutional intent and thus such property must be owned and used wholly and completely for one or more of the constitutionally exempt purposes. See Smith v. Feather, 149 Tex. 402, 234 S.W.2d 418 (1950); Morris v. Lone Star Chapter No. 6, 68 Tex. 698, 5 S.W. 519 (1887); David Graham Hall Foundation v. Highland Park Independent Sch. Dist., 371 S.W.2d 762 (Tex.Civ.App. 1963, writ ref., n.r.e.).

It is our opinion that Article 7150, Section 22, is valid, as constitutionally limited as herein construed, in conferring an ad valorem property tax exemption on that property of those fraternal organizations which is wholly, completely and exclusively owned and used by them for purely public charitable, religious and educational purposes. Therefore, the application of the statute to the particular facts presented will determine in each case whether the property is exempt. Insofar as this statute is subject to a broader

construction, that construction will not be adopted because such would be unconstitutional.

## S U M M A R Y

Senate Bill 105, Acts 60th Legislature, 1967, codified as Section 22 of Article 7150, Vernon's Civil Statutes, is constitutional; however, its effect is limited by the restrictive provisions of Article VIII, Section 2 of the Constitution of Texas. (This opinion does not deal with House Bill No. 372, Acts 60th Legislature, p. 855, Ch. 363, which was also codified as Section 22 of Article 7150, Vernon's Civil Statutes.)

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Alfred Walker
Assistant Attorney General

APPROVED:

OPINION COMMITTEE
Hawthorne Phillips, Chairman
Kerns Taylor, Co-chairman
Jack Goodman
Bill Craig
Ralph Rash
Marietta McGregor Payne

A. J. CARUBBI, Jr.
Executive Assistant